WILLIAM T. HART and Others, Stockholders, Appellants, *v.* OGDENS-BURG AND LAKE CHAMPLAIN RAILROAD COMPANY and CENTRAL VERMONT RAILROAD COMPANY, Respondents. (No. 1.)

WILLIAM T. HART and Others, Bondholders, Appellants, *v.* OGDENS-BURG AND LAKE CHAMPLAIN RAILROAD COMPANY and CENTRAL VERMONT RAILROAD COMPANY, Respondents. (No. 2.)

*Contract between two corporations having common directors cannot be disaffirmed by a minority of the stockholders of either corporation — when the court will not interfere with the management of a corporation by its directors and a majority of its stockholders — laches — consolidation of railroads, when not set aside — basis for an extra allowance.*

A contract made by a director of a corporation with the corporation, and a contract made by the directors of one corporation with another corporation of which they are also directors, are voidable by the corporation, but a contract entered into between two corporations, voidable because of their having common directors, cannot be disaffirmed by a minority of the stockholders of either corporation.

Ordinarily the court will not interfere with the control of a corporation by its directors and a majority of its stockholders. It will not interfere, although the directors may have acted unwisely and not for the best interest of the corporation they represent, and to justify the interference of the court with the man-

agement of a corporation on the application of a minority of the stockholders,. it must be shown that the action of the governing body complained of has been so clearly against the interests of the minority of the stockholders as to amount to a wanton and fraudulent destruction of the rights of such minority, and that such action is a clear, substantial and flagrant violation of their rights.

The complaints in two actions brought one by income bondholders and the other by stockholders of the Ogdensburg and Lake Champlain Railroad Company against the Ogdensburg and Lake Champlain Railroad Company and the Central Vermont Railroad Company, to set aside a lease of the road of the Ogdensburg and Lake Champlain Railroad Company to the Central Vermont Railroad Company, and for an accounting, and to set aside a proposed agreement of consolidation between the two railroad companies, alleged that when the lease was executed the Central Vermont Railroad Company, through its agents, controlled the Ogdensburg and Lake Champlain Railroad Company, and that the directors, officers and agents of the former company were directors of the latter company, to which complaints the defendants demurred.

*Held,* that a cause of action was not stated.

The lease in question was entered into between the two corporations on June 1, 1886, and the actions to set it aside were commenced over six years thereafter.

*Held,* that as owing to the great lapse of time the Ogdensburg and Lake Champlain Railroad Company itself could not have disaffirmed the lease on the ground that it was entered into by the two corporations having common directors, that the plaintiffs as individual bondholders or stockholders could not maintain such an action which the corporation itself could not maintain.

The complaints also alleged that the Ogdensburg and Lake Champlain Railroad Company owned three boats under a conditional contract of purchase, on which it had made large payments; that the Central Vermont Railroad Company, after it had obtained control of the former road, wrongfully allowed a payment on said contract to be omitted, whereby the interest of the Ogdensburg and Lake Champlain Railroad Company therein became forfeited, and that the Central Vermont Railroad Company thereupon organized a corporation, the stock of which it acquired, which corporation purchased the said boats, being allowed by the vendor the amount previously paid by the Ogdensburg and Lake Champlain Railroad Company on said contract.

*Held,* that the demurrers did not admit the statement that the omission to make such payment was wrongful and that a cause of action was not stated.

The complaints also alleged that the proposed agreement of consolidation between the two railroad companies was of no force, because the Central Vermont Railroad Company had elected as directors of the Ogdensburg and Lake Champlain Railroad Company some of its own directors, officers and agents, and because said corporations with common directors could not lawfully contract with each other.

*Held,* that the contract was voidable, but not void; that it could be ratified by a majority of the stockholders of the Ogdensburg and Lake Champlain Railroad Company, and that if it was so ratified and was otherwise valid and legal it could not be set aside at the suit of minority stockholders.

The complaints also alleged that the agreement was in every way disadvantageous to the Ogdensburg and Lake Champlain Railroad Company; that the earnings of said road had greatly increased during the existence of the lease to the Central Vermont Railroad Company; that the Central Vermont Railroad Company had never paid a dividend, and that its stock had never been dealt with in the market and had no market value; yet that the agreement of consolidation proposed that one share of stock of the new company, to be formed by the consolidation, should be given in return for ten shares of stock of the Ogdensburg and Lake Champlain Railroad Company, while one share of said new stock should be exchanged for one share of the stock of the Central Vermont Railroad Company.

*Held,* that sufficient facts were not stated to show that the proposed agreement was so much opposed to the interests of the Ogdensburg and Lake Champlain Railroad Company as to sustain an action to set aside such proposed consolidation;

That the allegations that the receipts of the Ogdensburg and Lake Champlain Railroad Company had increased and were increasing; that the road was of great value; that the Central Vermont Railroad Company had never paid a dividend; that its stock had no market value, did not enable the court to determine the respective values of the stock of the two roads or the comparative value thereof, and did not state a cause of action.

The complaints asked for judgment against the Central Vermont Railroad Company in favor of the Ogdensburg and Lake Champlain Railroad Company for the value of the interest of the latter company in the boats which were forfeited by the action of the former company, and for such an amount as would represent the earnings of the boats since June 1, 1886; the earnings of the boats since 1887 were shown to have been about $500,000.

*Held,* that a sufficient basis was established to justify the granting of an extra allowance of $1,000.

APPEAL by the plaintiffs, William T. Hart and others, in the first above-entitled action, from two interlocutory judgments of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of St. Lawrence on the 17th day of October, 1894, upon the decision of the court rendered at the Clinton Special Term sustaining the separate demurrers of the defendants to the plaintiffs' amended complaint, with notice of an intention to bring up for review upon such appeal each of said interlocutory judgments and the orders sustaining each of the demurrers in this action which were entered in the office of the clerk of the county of St. Lawrence on the 17th day of October, 1894.

Also an appeal by the plaintiffs, William T. Hart and others, in the second above-entitled action, from two final judgments of the Supreme Court in favor of the defendants, entered in the office of

the clerk of the county of St. Lawrence on the 9th day of February, 1895, upon the decision of the court rendered at the Clinton Special Term sustaining the demurrers interposed by the defendants to the plaintiffs' amended complaint and dismissing the said complaint, with notice of an intention to bring up for review upon such appeal each of said final judgments and each of the interlocutory judgments entered in the office of the clerk of the county of St. Lawrence on the 17th day of October, 1894, and the orders sustaining each of the demurrers which were entered in the office of the clerk of the county of St. Lawrence on the 17th day of October, 1894.

Also from an order made at the Clinton Special Term, bearing date the 22d day of January, 1895, and entered in the office of the clerk of the county of St. Lawrence, granting the defendants an extra allowance of costs.

These actions were brought, one by stockholders and the other by income bondholders of the Ogdensburg and Lake Champlain Railroad Company, to set aside a lease of the road of the Ogdensburg and Lake Champlain Railroad Company to the Central Vermont Railroad Company and for an accounting, and to set aside a proposed agreement of consolidation between the two railroad companies.

*Marcus T. Hun,* for the appellants.

*Louis Hasbrouck,* for the respondents.

PUTNAM, P. J. :

The plaintiffs in the first above-entitled action appeal from an interlocutory judgment sustaining the separate demurrers of defendants to the complaint, and, in the second action, to the final judgment in favor of defendants entered upon their like separate demurrers. As the complaints in each action are substantially alike the cases may be considered together.

I think the judgments, as far as they sustain the demurrers to the first cause of action in the complaints, should be affirmed.

The complaints allege the right of the Central Vermont Railroad Company by its charter to contract for the purchase of any railroad or the stock, bonds or property thereof. It, therefore, had the same right as an individual, or individuals, to buy a majority of the stock

of the Ogdensburg and Lake Champlain Railroad Company and obtain control thereof.    I am unable to perceive any legal objection to one or more persons purchasing the majority of the stock of a railroad company with the intent to obtain control thereof.    Nor did the Central Vermont Railroad Company, in obtaining a majority of the stock of the Ogdensburg and Lake Champlain Railroad Company, with the intent to obtain a controlling interest in said road, do an unlawful or objectionable act.    But if such purchase was made with an intent to mismanage the affairs of such road, and to conduct its business in such a way as to defraud the minority stockholders, or with a view of conducting the affairs of such road in the interest of the Central Vermont railroad, and, if such intent was in fact carried out, the minority stockholders of the Ogdensburg and Lake Champlain Railroad Company have a right to complain, and may obtain relief by an action in a court of equity.

The question then arises whether the complaints allege such a state of facts as authorizes the court, on the application of income bondholders or a minority of the stockholders of the Ogdensburg and Lake Champlain Railroad Company, to grant relief in these actions.

The objection made by plaintiffs to the lease made by the Ogdensburg and Lake Champlain Railroad Company to the Central Vermont Railroad Company, on the ground that it violates the rights of the income bondholders holding bonds of the first-named company to receive in payment of interest on their bonds the net earnings of the said railroad company after defraying the expenses of conducting its business as provided in said bonds and the mortgage by which the same are secured — by authorizing the lessee to use said earnings for the "development and improvement" of said road — was passed upon by the Court of Appeals in *Day* v. *Ogdensburgh & Lake Champlain Railroad Company* (107 N. Y. 129), and, hence, need not be considered by us.    The Court of Appeals, in the case cited, where the same question was raised, held adversely to the claim of plaintiffs.    (See, also, *Thomas* v. *N. Y. & G. L. Ry. Co.*, 139 N. Y. 163.)

The objection is also made to the lease that when executed the Central Vermont Railroad Company, through its agents, controlled the Ogdensburg and Lake Champlain Railroad Company and that

directors, officers and agents of the former were directors of the latter.

It is held that a contract made by a director of a corporation with it is voidable by the corporation, and it has also been decided that the same rule applies to a contract by the directors of a corporation with another corporation of which they are also directors. This principle is considered in the very able and exhaustive opinion of VAN BRUNT, J., in *Metropolitan El. R. R. Co.* v. *Manhattan El. R. R. Co.* (11 Daly, 373, 502, 503). The case cited, however, recognized the doctrine laid down in *Wallace* v. *Long Island R. R. Co.* (12 Hun, 460), that a contract entered into between two corporations, voidable because of their having common directors, could not be disaffirmed by a minority of the stockholders; that "the rule that persons acting in a fiduciary capacity shall not, directly or indirectly, make any profit by means of such acts, or be interested in contracts made by their principals, undoubtedly applies to directors of corporations. It is a valuable principle, and ought not to be impaired by any subtle or refined distinctions. Still, the mere fact that the same persons were directors of the corporation which made the lease, and of that which took it, is not of itself sufficient to avoid the contract at the instance of one or more stockholders, against the will of the corporation. That fact alone might entitle either corporation to avoid the lease, but I apprehend it does not give that right to a stockholder." And VAN BRUNT, J., remarks in *Metropolitan El. R. R. Co.* v. *Manhattan El. R. R. Co.* (*supra*), referring to the doctrine laid down in *Wallace* v. *Long Island R. R. Co.:* "The principle is here recognized that the majority of the stockholders may ratify a lease made by the directors, and that a minority cannot disaffirm. That, therefore, it must be the majority of the shareholders acting through the corporation who repudiate, and no shareholder has the power to exercise that right against the will of the majority."

I concur in the views thus stated. (See, also, *Gamble* v. *Q. C. W. Co.*, 123 N. Y. 92–98.)

I, therefore, conclude that the objection alleged in the complaints to the lease on the ground that some of the directors of the Ogdensburg and Lake Champlain Railroad Company were also directors,

agents, officers or attorneys of the Central Vermont Railroad Company was properly overruled by the court below.

I am also of the opinion that the conclusion reached below in regard to the lease was correct, because of the great delay in attempting to repudiate it. The lease was entered into between the two corporations on June 1, 1886. These actions were commenced in 1892, over six years after the making of the contract. Owing to the great lapse of time since the execution of the lease the Ogdensburg and Lake Champlain Railroad Company itself could not have disaffirmed it on the ground that it was entered into by two corporations with common directors. (See *United States Rolling Stock Co.* v. *A. & G. W. R. R. Co.*, 34 Ohio St. 450; *Twin-Lick Oil Co.* v. *Marbury*, 91 U. S. 587–592; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159.) It will not be claimed that plaintiffs, as individual bondholders or stockholders, can sustain an action to set aside the lease on the ground stated, which the corporation itself could not maintain.

The complaints also allege in the first count that the Central Vermont Railroad Company, since the execution of the said lease, in apportioning the earnings of the two corporations for through business, has taken more than its proper share of the receipts, and ask for an accounting. This is in fact a separate cause of action from that previously set out in the pleading seeking an annullment of the lease, although not separately stated. The first cause of action contained in the first count seeks to vacate the lease. This cause of action is for an alleged wrong done by the Central Vermont Railroad Company to the Ogdensburg and Lake Champlain Railroad Company after the execution of and under the lease.

I concur in the views of the court below that the allegations in regard to the alleged improper division of the earnings of the two corporations by the Central Vermont Railroad Company contain no cause of action. Sufficient facts are not stated to justify interference by a court of equity in the affairs of the two corporations. It does not appear to what extent the Central Vermont Railroad Company has taken earnings that should have gone to the other defendant. It is well settled that ordinarily the court will not interfere with the control of a corporation by its directors and a majority of its stockholders. It will not interfere although the directors may have acted

unwisely and not for the best interests of the corporation they represent. To justify the interference of the court with the management of a corporation on the application of a minority of the stockholders it must be shown that the action of the governing body complained of has been so clearly against the interests of the minority of the stockholders as to amount to a wanton and fraudulent destruction of the rights of such minority. It must appear that the action of the majority of the stockholders and directors is a clear, substantial and flagrant violation of the rights of the minority. (*Gamble* v. *Q. C. W. Co., supra.*)

The complaints do not show such a state of facts. No allegations are made to the effect that in the division of the receipts for through business between the two companies the Ogdensburg and Lake Champlain Railroad Company was wronged to an extent that will justify interference by a court of equity. The complaints do not allege such a state of facts as shows a fraud on the minority, and is not sufficient under the doctrine laid down in *Gamble* v. *Q. C. W. Co.* (*supra*) and kindred cases.

The complaints allege that the Ogdensburg and Lake Champlain Railroad Company owned three boats under a conditional contract of purchase on which it had made large payments. That the Central Vermont Railroad Company, after it had obtained control of the former road, wrongfully allowed a payment on said contract to be omitted, whereby the interest of said Ogdensburg and Lake Champlain Railroad Company therein became forfeited, and that the Central Vermont Railroad Company thereupon organized a corporation known as the Ogdensburg Transit Company, the stock of which it bought. Said transit company purchased the said boats, being allowed by the vendor the amount previously paid by the Ogdensburg and Lake Champlain Railroad Company on said contract.

This alleged cause of action, although stated in the first count of each of the complaints and not separately numbered, is, in fact, also separate and distinct from that alleging the invalidity of the lease. The wrongful act of the Central Vermont Railroad Company in procuring or suffering the transfer of the title to the three boats to the Ogdensburg Transit Company has no relation to its alleged illegal act in obtaining the lease.

The ground of the plaintiffs' complaint is the omission of the

directors of the Ogdensburg and Lake Champlain Railroad Company, controlled by the Central Vermont Railroad Company, to make a payment on the conditional contract. The demurrers do not admit the statement in the complaints that the act of omitting to make such payment was wrongful. (*Thomas* v. *N. Y. & G. L. Ry. Co.*, *supra*.)

That word being omitted from the complaints, all that remains in them is a mere statement that the directors controlled by the Central Vermont Railroad Company omitted to make a payment on the conditional contract. It seems clear, therefore, that the complaints do not state a cause of action. No sufficient facts are alleged. The complaints contain neither a copy nor the substance of the contract. It is not alleged that the directors had money under their control to make the payment. We are unable to say from the pleadings whether the conditional contract was one that should have been carried out. The demurrers do not admit facts alleged in the complaints sufficient to constitute a cause of action.

I conclude, therefore, that the court below reached the proper conclusion in sustaining the demurrers to the first count or cause of action contained in the complaints.

The second and subsequent causes of action in the complaints to which the demurrers were interposed, relate to the proposed consolidation of the two defendants. The agreement for such consolidation between the directors of said corporations was made about six years after the execution of the lease.

The position taken by plaintiffs, that the agreement for consolidation made by the directors of the two corporations when the actions were commenced is of no force, because the Central Vermont Railroad Company had elected as directors of the Ogdensburg and Lake Champlain Railroad Company some of its own directors, officers and agents, and because said corporations, with common directors, could not lawfully contract with each other, has already been considered. The contract was voidable but not void; it could be ratified by a majority of the stockholders. If it was so ratified and otherwise valid and legal, it could not be set aside at the suit of the minority stockholders.

Several objections made by plaintiffs to the proposed consolidation of the two defendants, alleged in the second and subsequent

causes of action in the complaints, have been considered and passed upon by this court in *Hart* v. *The Ogdensburg & Lake Champlain Railroad Company* (69 Hun, 378). A discussion of such objections, therefore, is not now called for. In the case cited plaintiffs claimed, as alleged in the complaints in these actions, that the proposed consolidation, if carried into effect, would impair the obligation of the contract between the income bondholders and the Ogdensburg and Lake Champlain Railroad Company : " *First.* By depriving them as bondholders of the right to vote for those persons whose judgment as to the application of earnings is practically decisive of their rights to interest. *Second.* By depriving them of directors who would have any motive to promote the interests of the plaintiff, and who from their position would be familiar with the facts, and in whose selection they, as bondholders, have a right to participate. *Third.* That the net earnings of the property of the company belong to the bondholders, and that by the article of consolidation no provision is made for keeping separate accounts, and no accounting is provided for, for the same. *Fourth.* That the bondholders are deprived of their share in the extension of the business of the company."

The court, in the case cited, overruled the objections of plaintiffs to the proposed action of the two companies, and held that such intended consolidation might be legally made.

The plaintiffs allege that the proposed agreement is in every way disadvantageous to and opposed to the interests of the Ogdensburg and Lake Champlain Railroad Company. That the earnings of said road had greatly increased during the six years of the existence of said lease. That it is a connecting link between the States of New England and the west, and is of great value by reason thereof. That the Central Vermont Railroad Company has never paid a dividend and its stock has never been dealt with in the market and has no market value, yet the agreement of consolidation proposes that one share of stock of the new company to be formed shall be given in return for ten shares of the capital stock of the Ogdensburg and Lake Champlain Railroad Company, while one share of said new stock shall be exchanged for one share of the stock of the Central Vermont Railroad Company.

The cases in which an action by a minority of the stockholders of

a corporation to restrain the proposed action of its directors and a majority of the stockholders can be maintained are considered in the opinion of PECKHAM, J., in *Gamble* v. *Q. C. W. Co.* (*supra*). The learned judge remarks: " I think that where the action of the majority is plainly a fraud upon, or, in other words, is really oppressive to the minority shareholders, and the directors or trustees have acted with and formed part of the majority, an action may be sustained by one of the minority shareholders suing in his own behalf and in that of all others coming in, etc., to enjoin the action contemplated, and in which action the corporation should be made a party defendant. It is not, however, every question of mere administration or of policy in which there is a difference of opinion among the shareholders that enables the minority to claim that the action of the majority is oppressive, and which justifies the minority in coming to a court of equity to obtain relief. Generally, the rule must be that in such cases the will of the majority shall govern. The court would not be justified in interfering even in doubtful cases, where the action of the majority might be susceptible of different constructions. To warrant the interposition of the court in favor of the minority shareholders in a corporation or joint-stock association, as against the contemplated action of the majority, where such action is within the corporate powers, a case must be made out which plainly shows that such action is so far opposed to the true interests of the corporation itself as to lead to the clear inference that no one thus acting could have been influenced by any honest desire to secure such interests, but that he must have acted with an intent to subserve some outside purpose, regardless of the consequences to the company and in a manner inconsistent with its interests. Otherwise the court might be called upon to balance probabilities of profitable results to arise from the carrying out of the one or the other of different plans proposed by or on behalf of different shareholders in a corporation, and to decree the adoption of that line of policy which seemed to it to promise the best results, or at least to enjoin the carrying out of the opposite policy."

Under the doctrine thus laid down sufficient facts are not stated in the complaints to show that the proposed agreement is so much opposed to the interests of the Ogdensburg and Lake Champlain Railroad Company as to sustain an action. The allegation that the

agreement is in every way disadvantageous to the last-named corporation and advantageous to the Central Vermont Railroad Company is merely a statement of a conclusion. The allegation that the receipts of the Ogdensburg and Lake Champlain Railroad Company have increased and are increasing; that the road is of great value; that the Central Vermont Railroad Company has never paid a dividend, and that its stock has no market value, do not enable us to determine the respective values of the stock of the two roads. The plaintiffs do not allege the value of the stock of either road or the comparative value thereof. If the pleadings had stated that the stock of the Ogdensburg and Lake Champlain Railroad Company was equal in value to that of the Central Vermont Railroad Company, or that two shares of the former were worth as much as one share of the latter, or alleged the respective values of the stock of each company, it would have stated facts on which the court could have formed a conclusion. As it is the pleader leaves us to guess from the allegation that the Ogdensburg and Lake Champlain Railroad Company is a valuable road and its business is increasing, and that the Central Vermont Railroad Company has never paid a dividend on its stock, and that such stock has no market value, the respective values of the stock of said roads, and that the proposed agreement is disadvantageous to the former road. Although the plaintiffs allege an increase in the earnings of the Ogdensburg and Lake Champlain Railroad Company during the existence of the lease there is no averment stating the amount of such earnings or the amount of such increase.

I think, therefore, that the plaintiffs, so far as they have attempted to show that the proposed agreement of consolidation is disadvantageous to the interests of the stockholders and bondholders of the Ogdensburg and Lake Champlain Railroad Company, fail to set forth such a state of facts as authorizes the maintenance of these actions within the doctrine laid down in *Gamble* v. *Q. C. W. Co.* (*supra*).

Other questions are raised in the points of counsel which I do not deem it necessary to consider.

An appeal is also taken by plaintiffs from an order of the court below awarding an extra allowance of $1,000 to the defendants.

The complaints alleged as one of the causes of action a wrongful

act on the part of the Central Vermont Railroad Company in caus-
ing the directors of the Ogdensburg and Lake Champlain Railroad
Company to omit making a payment due on the conditional con-
tract theretofore made by the last-named company for the purchase
of three boats, and that in consequence of said wrongful act the
title of said company to said boats was divested. That the Central
Vermont Railroad Company organized a corporation called the
Ogdensburg Transit Company, of which it acquired the stock, and
procured a transfer ' of said boats to such company, and on such
transfer the amount previously paid by the Ogdensburg and Lake
Champlain Railroad Company on said conditional contract was
allowed as part of the purchase price. That the said boats have
earned since 1887 $100,000 per year over all expenses. The com-
plaints asked for judgment against the Central Vermont Railroad
Company in favor of the Ogdensburg and Lake Champlain Rail-
road Company for the value of the interest of the latter in said
boats, and also for such an amount as would represent the earnings
of said boats since June 1, 1886. The earnings of the boats, as
stated in the complaints, and the affidavit of Mr. Hasbrouck, since
1887, were about $500,000, which sum the plaintiffs in these actions
sought to recover for the Ogdensburg and Lake Champlain Rail-
road Company. I think, therefore, there was in the complaints a
claim to recover of defendants a sum of money on which an extra
allowance of $1,000 could be properly made by the court below
under the provisions of section 3253, Code of Civil Procedure.

The judgments and order should be affirmed, with costs.

HERRICK and FURSMAN, JJ., concurred.

Judgments and order affirmed, with costs.