JAMES POLLITZ, Appellant and Respondent, *v.* THE WABASH RAILROAD COMPANY et al., Respondents, and THOMAS H. HUBBARD, Appellant and Respondent, Impleaded with Others.

Corporations — railroads — validity of corporate acts of directors — when transactions of directors, although irregular and unlawful in themselves, are not void, but merely voidable and may be approved and confirmed by a majority of the stockholders — equity — action by stockholders of a corporation to recover damages for misuse of its assets — when laches not a defense to such action — allegation that plaintiff ratified act, conclusion of fact not of law.

1. The corporate acts of directors of a railroad corporation, within the powers of the corporation, in the lawful and legitimate furtherances of its purposes, in good faith and the exercise of an honest judgment, are valid and conclude the corporation and the stockholders. Questions of policy of management, expediency of contracts or action, adequacy of consideration, lawful appropriation of corporate funds to advance corporate interests, are left solely to their honest and unselfish decision, for their powers therein are without limitation and free from restraint, and the exercise of them for the common and general interests of the corporation may not be questioned, although the results show that what they did was unwise or inexpedient. Directors cannot, however, exercise the corporate powers for their private or personal advantage or gain. The law stringently and rigorously forbids to them the use or disposition of

8

the funds or assets of the corporation for their individual enterprise or acquisition, and for any misfeasance or breach of duty or trust resulting in damages to the corporation they are subject to be called to account by the corporation in the appropriate action, and a complaint alleging such misconduct by defendants acting as members of a syndicate states a cause of action on behalf of stockholders of the corporation.

2. In a stockholder's action the complaint alleged that the defendant directors had caused to be issued stock of the corporation in exchange for worthless stock of another corporation, whose directorate they controlled, which corporation transferred the stock, as a donation, to a syndicate of which the defendant directors were members, and that the transaction constituted a violation of their duties and obligations as trustees and of their fiduciary relations to the defendant corporation and its stockholders, and was a fraud upon them unauthorized by law, and *ultra vires* of the company. Defendants in their answers allege that the transaction complained of as a violation of their duty as directors was in its entirety submitted to and fully considered by the board of directors of the company whose interests are affected, and by direct averment or reasonable inference that they acted in good faith according to their best judgment for the interests of such corporation and setting out such facts tending to sustain such allegations aver that they violated no duty or committed no breach of trust; further, that such acts were fully made known at a meeting at which a majority of the stockholders and bondholders were present, and a resolution was thereupon adopted by the unanimous vote of all of those stockholders and bondholders approving and confirming them. *Held*, that while the transaction, as presented by the complaint, could not be ratified by a mere majority of the stockholders because it was fraudulent, the transaction as alleged in the answers was not fraudulent, although irregular and unlawful because the company, of which the defendants were directors, and the syndicate, of which defendants were members, had members in common. But such transaction being, as alleged by the defense, *intra vires* and fair, candid and reasonable, it was voidable, not void, and was subject to repudiation or ratification by a duly had vote of the majority of the stockholders. Hence a demurrer to the answers must be overruled as to such defense.

3. Where an action is brought to enforce in equity a legal right of a corporation to recover from individual defendants damages result_ ing from their misuse of its assets the Statute of Limitations and not laches is a bar. (*Groesbeck* v. *Morgan*, 206 N. Y. 385, distinguished.)

4. An allegation in an answer that the plaintiff with full knowledge thereof ratified and confirmed an act is a conclusion of fact and not a conclusion of law.

*Pollitz* v. *Wabash R. R. Co.*, 150 App. Div. 715, modified.

(Argued October 7, 1912; decided December 31, 1912.)

APPEAL by the plaintiff and the defendant Hubbard, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1912, which modified, and affirmed as modified, the interlocutory judgment of the Supreme Court sustaining the demurrers of the plaintiff as to certain separate defenses, and overruling them as to other separate defenses contained in the separate answers of the defendants, except that of the defendant Hubbard, as to all of which they were sustained.

The substance of the pleadings, so far as material, and the questions certified are stated in the opinion.

*J. Aspinwall Hodge* and *Stephen M. Yeaman* for plaintiff, appellant and respondent. The complaint sets forth a good cause of action. (*Sage* v. *Culver,* 147 N. Y. 241; *C. S. Co.* v. *Belmont,* 206 N. Y. 7; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; 99 N. Y. 185; 105 N. Y. 567; *Bosworth* v. *Allen,* 168 N. Y. 157; *Flynn* v. *B. C. R. R. Co.,* 158 N. Y. 493; *Douglas* v. *Ireland,* 73 N. Y. 100; *Lea* v. *I. B. M. Co.,* 119 Ala. 271; *F. C. Nat. Bank* v. *Shire,* 88 App. Div. 401; 179 N. Y. 587.) Ratification by a majority of the stockholders is not a defense to this action. (*People ex rel. Manice* v. *Powell,* 201 N. Y. 194; *C. S. Co.* v. *Belmont,* 206 N. Y. 7; *Curtin* v. *S. R., etc., Co.,* 130 Cal. 345; *Colorado Springs Co.* v. *American Pub. Co.,* 97 Fed. Rep. 843; *Union Gold M. Co.* v. *Rocky Mt. Bank,* 2 Col. 565; *McCullough* v. *Moss,* 5 Den. 566; *Conroy* v. *Port Henry Iron Co.,* 12 Barb. 27; *Hoyt* v. *Thompson,* 19 N. Y. 207; *Beveridge* v. *El. R. R. Co.,* 112 N. Y. 22; *People ex rel. Content* v. *Met. R. R.*

*Co.*, 26 Hun, 82; *Gashwiler* v. *Willis*, 33 Cal. 11; *Railway* v. *Alling*, 99 U. S. 463; *C. B. & S. Co.* v. *Dunsmore*, 60 N. H. 85.) The transaction being *ultra vires*, could not be ratified, by a majority of the stockholders. (*Muller* v. *Dows*, 94 U. S. 444; *Fisk* v. *C., etc., R. R. Co.*, 53 Barb. 513; *Garrett* v. *Kansas, etc., Co.*, 113 Mo. 330; *Van Cleve* v. *Berkly*, 143 Mo. 109; *Berry* v. *Rood*, 168 Mo. 316; *Rumsey Mfg. Co.* v. *Kaime*, 173 Mo. 551; *Dean* v. *Baldwin*, 99 Ill. App. 582; *Kraft* v. *Griffon Co.*, 82 App. Div. 29; *Boulton Carbon Co.* v. *Mills*, 78 Iowa, 460; *Kelly* v. *Clark*, 21 Mont. 291; *Donald* v. *Am. S., etc., Co.*, 62 N. J. Eq. 729.) The transaction being fraudulent, could not be ratified by a majority of the stockholders. (*F. L. & T. Co.* v. *N. Y. & N. R. R. Co.*, 150 N. Y. 410; *Flynn* v. *B. C. R. R. Co.*, 158 N. Y. 493; *C. S. Co.* v. *Belmont*, 206 N. Y. 7; *Gamble* v. *Q. C. W. Co.*, 123 N. Y. 91; *Meyer* v. *S. I. R. R. Co.*, 7 N. Y. S. R. 245; *Van Arnim* v. *A. T. Works*, 188 Mass. 515; *Hazard* v. *Durant*, 11 R. I. 195.) If any ratification of the transaction could be effective, it must be ratification with *scienter* of the interest of the directors; and this is not pleaded. (*Adair* v. *Brimmer*, 74 N. Y. 539; *King* v. *Mackellar*, 109 N. Y. 215; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 553; *Bowers* v. *Male*, 111 App. Div. 209; 186 N. Y. 28; *Gilman, etc., Co.* v. *Kelly*, 77 Ill. 426; *Hoffman Steam Coal Co.* v. *Cumberland Coal & Iron Co.*, 16 Md. 456; *Cumberland Coal Co.* v. *Sherman*, 20 Md. 117; *Old Dominion Copper, etc., Co.* v. *Bigelow*, 203 Mass. 159; *Tiessen* v. *Henderson*, L. R. [1 Ch. 1899] 861; Machen on Corp. § 1590; Thompson on Corp. § 2037.) Acquiescence is not a defense to this action. (*Pence* v. *Langdon*, 99 U. S. 578; *Life Assoc.* v. *Siddal*, 3 De G. & J. 58; *Adair* v. *Grimmer*, 74 N. Y. 539; *N. Y. L. Ins. & Trust Co.* v. *Kane*, 17 App. Div. 542; *Kilbourn* v. *Sunderland*, 130 U. S. 505; *Kessler & Co.* v. *Ensley Co.*, 129 Fed. Rep. 397; *Brinkerhoff* v. *Roosevelt*, 143 Fed. Rep. 478; *Larzelere* v. *Starweather*, 38 Mich. 96; *Ormsby*

v. *V. C. M. Co.*, 56 N. Y. 623; *Corning* v. *T. I. & N. Co.*, 40 N. Y. 191.) Laches is not a defense to this action. (*Metzger* v. *Knox*, 136 N. Y. Supp. 681; *Kent* v. *Q. M. Co.*, 78 N. Y. 159; *Cox* v. *Stokes*, 156 N. Y. 491; *Treadwell* v. *Clark*, 190 N. Y. 51; *Gilmore* v. *Ham*, 142 N. Y. 1; *Derby* v. *Yale*, 13 Hun, 273; *Kenyon* v. *N. L. Assn.*, 39 App. Div. 276; *Stevens* v. *U. T. Co.*, 57 Hun, 498; *Campbell* v. *Seaman*, 63 N. Y. 568; *Galway* v. *M. E. R. R. Co.*, 128 N. Y. 132.) A general allegation that a person ratified a transaction is a conclusion of law and, therefore, insufficient as a defense. (*Knapp* v. *Brooklyn*, 97 N. Y. 520; *Cohn* v. *Goldman*, 76 N. Y. 284; *Wood* v. *Amory*, 105 N. Y. 278; *N. Y. & N. V. Trans. Co.* v. *Tyroler*, 25 App. Div. 161; *Riddle* v. *Bank of Montreal*, 145 App. Div. 207; *Funk* v. *Rentchler*, 134 Ind. 68; *Farley Nat. Bank* v. *Henderson*, 118 Ala. 441; *Drovers' Com. Co.* v. *Wilson Co. Bank*, 95 Mo. App. 251; *Lauenstein* v. *City of Fon du Lac*, 28 Wis. 336.)

*John Larkin* for Thomas H. Hubbard, defendant, appellant and respondent. Ratification by stockholders after full disclosure of the facts set forth in the first defense constitutes a valid defense and is well pleaded. (*Memphis R. R. Co.* v. *Dow*, 120 U. S. 287; *Sage* v. *Culver*, 147 N. Y. 241; *Burden* v. *Burden*, 159 N. Y. 287; *Continental Ins. Co.* v. *N. Y. & Harlem R. R. Co.*, 187 N. Y. 225.) The defendant Hubbard's second separate defense, that the plaintiff ratified and confirmed the transaction now complained of after full knowledge thereof, is a good defense and is well pleaded. (*Burden* v. *Burden*, 150 N. Y. 287; *Spies* v. *Monroe*, 35 App. Div. 527; *Continental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225; *Sage* v. *Culver*, 147 N. Y. 241.)

*Rush Taggart, Lawrence Greer* and *F. C. Nicodemus, Jr.*, for Wabash Railroad Company, respondent. The acquisition by the Wabash Railroad Company of the entire

capital stock ($10,000,000 par value) of the Wabash Pittsburgh Terminal Railway Company, possessing a substantial pecuniary and property value, by giving in exchange therefor an equivalent amount of its own capital stock, having been approved and ratified by affirmative action on the part of the stockholders and debenture mortgage bondholders of the Wabash Railroad Company, cannot now be assailed at the suit of a single stockholder. Hence the demurrer to the second separate defense of the Wabash Railroad Company alleging such approval and ratification was properly overruled and, in so far as it relates to the sufficiency of this defense, the first certified question should be answered in the affirmative. (*Steinway* v. *Steinway*, 2 App. Div. 301; *Hodge* v. *United States Steel Corp.*, 64 N. J. Eq. 807; *Shaw* v. *Davis*, 78 Md. 308; *Holmes* v. *Willard*, 125 N. Y. 75; *Colby* v. *Equitable Trust Co.*, 124 App. Div. 262; 192 N. Y. 535; *Continental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225.) The acquisition by the Wabash Railroad Company of the entire capital stock ($10,000,000, par value) of the Wabash Pittsburgh Terminal Railway Company, by giving in exchange therefor an equivalent amount of its own capital stock, having been adopted and ratified by all of the stockholders and debenture mortgage bondholders of the Wabash Railroad Company, including the plaintiff, by long acquiescence, must be deemed binding in equity upon all of the stockholders of the Wabash Railroad Company and impervious to the attack sought to be made upon it by the plaintiff. Hence, the demurrer to the third separate defense of the Wabash Railroad Company alleging such acquiescence was properly overruled and, in so far as it relates to this defense, the second certified question should be answered in the affirmative. (*Payson* v. *Stoever*, 2 Dillon, 427; *Kent* v. *Q. M. Co.*, 78 N. Y. 159; *S. H. B. Co.* v. *E. H. B. M. Co.*, 90 N. Y. 607; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 N. Y. 263.) Laches, even though within the statutory period of limitations, is

a recognized defense to equitable actions of the character attempted to be set forth in the plaintiff's complaint. Hence, the demurrer to the fourth separate defense of the Wabash Railroad Company, alleging a delay of over six years, was properly overruled, and, in so far as relates to this defense, the second certified question should be answered in the affirmative. (Thompson's Comm. § 4494; Morawetz on Priv. Corp. §§ 263, 630; Clark on Corp. 386; 3 Cook on Corp. § 732.)

*Graham Sumner* for Henry K. McHarg, respondent. The complaint does not state facts sufficient to constitute a cause of action. (*M. & L. R. Co. v. Dow*, 120 U. S. 287; *Peoria, etc., Co. v. Thompson*, 103 Ill. 187; *State v. Hogan*, 163 Mo. 43; *Lake St. Co. v. Ziegler*, 99 Fed. Rep. 114; *Stein v. Howard*, 65 Cal. 616; *Gamble v. Queens County Water Co.*, 123 N. Y. 91; *Barr v. N. Y., L. E. & W. Ry. Co.*, 125 N. Y. 263; *Flynn v. Brooklyn City R. R. Co.*, 158 N. Y. 493; *Burden v. Burden*, 159 N. Y. 287; *Cont. Ins. Co. v. N. Y. & Harlem R. R. Co.*, 103 App. Div. 282; 187 N. Y. 225; *Continental Securities Co. v. Belmont*, 206 N. Y. 7; *Colby v. Equitable Trust Co.*, 124 App. Div. 236; *Wallace v. Long Island Ry. Co.*, 12 Hun, 460.) The third separate defense contained in the answer of the defendant McHarg is sufficient in law. (*Sherman v. Parish*, 53 N. Y. 483; *Whitney Arms Co. v. Barlow*, 63 N. Y. 62; *Kent v. Quicksilver Mining Co.*, 78 N. Y. 159; *Sheldon Co. v. Eickemeyer Co.*, 90 N. Y. 607; *Matter of Niles*, 113 N. Y. 547; *Holmes v. Willard*, 125 N. Y. 75; *Barr v. Railroad Co.*, 125 N. Y. 263; *Seymour v. Spring Forest Assn.*, 144 N. Y. 333; *Bank v. Weston*, 172 N. Y. 259; *Wormser v. Met. St. Ry. Co.*, 184 N. Y. 83; *Blum v. Whitney*, 111 App. Div. 922; 185 N. Y. 232; *Hutchinson v. Simpson*, 92 App. Div. 382; *Old Dominion Co. v. Lewisohn*, 210 U. S. 206.) The fourth separate defense contained in the answer of the defendant McHarg is

sufficient in law. (*Wormser* v. *Met. St. Ry. Co.*, 184 N. Y. 83; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7.)

COLLIN, J. The action is in behalf of the plaintiff and all other stockholders of the defendant company similarly situated against the company and five of its directors. Each defendant separately answered the complaint and each answer contained six or more separate defenses. The plaintiff demurred to each separate defense. The Special Term sustained the demurrers as to certain and overruled them as to other separate defenses contained in the answer of the defendants except it sustained them as to all the separate defenses contained in the answer of defendant Hubbard. The Appellate Division, upon the appeals of the plaintiff and defendants, modified the interlocutory judgment of the Special Term by overruling the demurrers as to certain separate defenses which the Special Term condemned. The Appellate Division allowed the plaintiff to appeal to this court and certified the following questions:

" 1. Are the second separate and distinct defenses contained in the separate answers of the defendants The Wabash Railroad Company and Henry K. McHarg and the first separate and distinct defenses contained in the separate answers of the defendants Winslow S. Pierce, Thomas H. Hubbard, George J. Gould and John T. Terry, or any of them, sufficient in law upon the face thereof ?

" 2. Are the third separate and distinct defense contained in the separate answer of the defendant the Wabash Railroad Company, the third and fourth separate defenses contained in the answer of the defendant Henry K. McHarg, and the second separate and distinct defense contained in the separate answers of the defendants Winslow S. Pierce, George J. Gould and John T. Terry, or any of them, sufficient in law upon the face thereof ?

1912.]　　　　　Opinion, per COLLIN, J.　　　　[207 N. Y.]

"3. Are the fourth separate and distinct defense contained in the answer of the defendant the Wabash Railroad Company, the sixth separate defense contained in the answer of the defendant Henry K. McHarg and the third separate and distinct defenses contained in the separate answers of the defendants Winslow S. Pierce, George J. Gould and John T. Terry, or any of them, sufficent in law upon the face thereof?"

The Appellate Division allowed the defendant Hubbard to appeal to this court and certified the following question: "Is the second separate and distinct defense contained in the separate answer of the defendant Hubbard sufficient in law upon the face thereof?"

The complaint alleges, in substance: The plaintiff since June, 1906, has been a stockholder in the defendant company, which was incorporated under the laws of the states of Ohio, Indiana, Michigan, Illinois and Missouri. The defendants George J. Gould, Hubbard, Terry, Pierce and McHarg, with other named parties, constituted a majority of and dominated its board of directors during the years 1903 and 1904. About August, 1904, a pre-arranged transaction was consummated, as follows: The individual defendants caused the issue to the Wabash-Pittsburg Terminal Railway Company, a corporation (hereinafter designated Pittsburg Company), the directorate of which was controlled by them, of $10,000,000 par value of its common stock in exchange for a like amount of the common stock of the Pittsburg Company. The Pittsburg Company delivered to a syndicate of which some or all of the individual defendants were members $13,400,000 of its first mortgage bonds and $20,000,000 of its second mortgage bonds, par value, and the $10,000,000 of Wabash stock for the consideration of $20,000,000. At that time the bonds were worth and were actually selling in the open market at prices which aggregated about $22,000,000 and the $10,000,000 of Wabash stock was issued to the syndicate as a donation.

The Wabash stock was marketable and valuable; the Pittsburg Company stock was valueless. The complaint alleges that the transaction was a violation of the duties and obligations of the defendants as trustees and of their fiduciary relations to the said defendant corporation and its stockholders, a fraud upon them, unauthorized by law, and *ultra vires* of the company. It contains excerpts from the existing constitutions or statutes of the incorporating states, in differing phraseology, to the effect that a corporation shall not issue stock or bonds except for money paid, labor done or property actually received and that all fictitious increase of stock or indebtedness shall be void, and alleges that the transaction was in violation thereof; that the $10,000,000 of Wabash stock has been dealt in and become so commingled that it would be impossible to follow it, or distinguish it from other outstanding stock of the company; that the request of the plaintiff to the company to institute this action, made on or about December 29, 1909, was refused; and prays judgment that the defendant company have judgment against the individual defendants for $10,000,000 with interest and that they be compelled to account to the company for their official conduct as officers or directors during the period, and pay to the company the loss it sustained as a result of the wrongful and illegal transactions set forth.

The pith of the action is that the defendant directors caused the company to donate to themselves $10,000,000 or thereabouts of its stock. The plaintiff in his brief denominates it "a stockholder's suit brought in behalf of the Wabash Railroad Company against its directors to compel them to account for losses sustained by the corporation through a fraudulent issue of stock of the company for worthless securities;" again he says: "It is well settled that in any event an action such as is stated in the complaint may be brought in equity by a stockholder on behalf of the corporation, if the corporation refuses to

sue. " The complaint sustains his characterization of the action as equitable, in that it alleges the violation of fiduciary obligations and prays for an accounting. (*Bell* v. *Merrifield*, 109 N. Y. 202.) The action is in equity.

The defendants, other than McHarg, heretofore moved for judgment on the pleadings and were defeated. (*Pollitz* v. *Gould*, 202 N. Y. 11.) The defendant McHarg, unhampered by such prior decision to which he was not a party and invoking the rule that the demurrer to an affirmative defense enables the answering defendant to question the sufficiency of the complaint (*Baxter* v. *McDonnell*, 154 N. Y. 432), urges that the complaint does not state facts sufficient to constitute a cause of action. His counsel asserts that the stockholders of a corporation may ratify any transaction executed by its board of directors which is not *ultra vires* of the corporation or a fraud upon the corporation or the minority stockholders; that the transaction alleged was neither *ultra vires* nor fraudulent; it may, therefore, he urges, be accepted by the stockholders through a majority, and the minority stockholders cannot act for the corporation and cannot maintain this action to repudiate or otherwise question it. The transaction, he asserts, must stand until a repudiation by the corporation or majority stockholders, which must be alleged.

Inasmuch as this appeal requires the consideration of the allegations of the pleadings and not of the facts to be proven under and which may differ from them, it is neither wise nor useful that we should discuss propositions of law or fact not essential to the determinations sought by the questions certified. The proposition that the minority stockholders may not by this action question the acts of the directors, in the absence of the repudiation of them by the majority, rests, avowedly and through principle, upon the claimed facts that the transaction was not *ultra vires* of the company, or was not fraudulent as to the corporation and, through its effect upon the cor-

poration, as to the minority stockholders. We think, however, that the facts alleged constructed a fraud as to them. The individual defendants, as directors, occupied the relation of trustees to the corporation and its stockholders, and the obligations of this trusteeship are the basis of ascertaining whether or not their acts, as alleged, were fraudulent. They were the exclusive executive representatives of the corporation and were charged with the administration of its internal affairs and the management and use of its assets. Their corporate acts, within the powers of the corporation, in the lawful and legitimate furtherance of its purposes, in good faith and the exercise of an honest judgment, are valid and concludo the corporation and the stockholders. Questions of policy of management, expediency of contracts or action, adequacy of consideration, lawful appropriation of corporate funds to advance corporate interests, are left solely to their honest and unselfish decision, for their powers therein are without limitation and free from restraint, and the exercise of them for the common and general interests of the corporation may not be questioned, although the results show that what they did was unwise or inexpedient. It is, however, the inflexible rule that they cannot exercise the corporate powers for their private or personal advantage or gain. The law stringently and rigorously forbids to them the use or disposition of the funds or assets of the corporation for their individual enterprises or acquisition, and for any misfeasance or breach of duty or trust resulting in damage to the corporation they are subject to be called to account by the corporation in the appropriate action. These principles, based upon a sound public policy and morality, are so firmly fixed in our jurisprudence that they are not open to discussion and so familiar that authorities declaring them need not be cited.

The issue of the shares of the Wabash Company stock by the individual defendants, as alleged, affected injuriously

the interests of the company and the stockholders. It destroyed the potential ability of the corporation to secure, in cash, their value through their future sale or deprived it of the moneys which the sale thereof in the market at that time would have brought. It diminished the proportionate voting power of the outstanding stock and the interests of its holders in the amounts to be declared as dividends and the net assets of the company. The allegations are that the stock then was "of very great actual value" and "could readily have been sold for a very great sum in actual cash." We must accept the facts as alleged in the complaint with the supporting reasonable and probable inferences, although the statement of them may be partial or perverted. Those facts tend to show, as stated, that the individual defendants, pursuant to a scheme devised by them, caused the shares of stock to be issued and a large part of them delivered to them, through an indirect and circuitous channel upon a consideration grossly inadequate, if not wholly valueless. There is neither allegation nor permissible inference that the stock issued to the Wabash Company gave to it the majority stock or the control of the affairs of the Pittsburg Company, or that the Pittsburg Company owned lines of railroad extending into the city of Pittsburg and other important business centers and that the Wabash Company desired the stock for the purpose of controlling and operating the lines of railroad of the Pittsburg Company in conjunction with its own lines, as the counsel attacking the complaint argues. While we may judicially take cognizance that Pittsburg is a great city, having industrial establishments of perhaps unparalleled magnitude and importance and enormous quantities of freight for shipment, we cannot judicially know, in the absence of their averment by the complaint, that the facts are as counsel argues. The allegations of fact create a cause of action against the individual defendants in that they, as directors, caused to be issued and

delivered to themselves without consideration and misappropriated the shares of stock and therein worked a fraud upon the corporation and its stockholders.

We now turn to the defenses specified in the questions certified. The defenses referred to in the first question certified are substantially or in their material features identical (with an exception hereinafter adverted to) and for the purposes of the present consideration are sufficiently stated as follows: They aver anew and independently of the allegations of the complaint the transactions between the syndicate, the Wabash Company and the Pittsburg Company. They allege as facts that the Pittsburg Company owned and controlled extensive lines of railroad; that its entire capital stock was the $10,000,000 delivered to the Wabash Company and in other facts differ from or add to those of the complaint. They allege that the transaction in its entirety was submitted to and fully considered by the board of directors of the Wabash Company and by direct averment or reasonable inference that the directors acted in good faith and according to their best judgment for the interests of the Wabash Company; that the stock of the Pittsburg Company was equal in value to the stock of the Wabash Company and that the directors violated no duty or committed no breach of trust although the board of directors and the syndicate had members in common. That at a meeting of the stockholders in October, 1904, at which the holders of more than seventy-nine per cent of the stock and seventy-three per cent of the debenture bonds were present or represented the acts of the directors as set forth in those defenses were fully made known and a resolution was thereupon adopted by the unanimous vote of all those stockholders and bondholders approving and confirming them. The counsel for the plaintiff asserts that the facts alleged in these defenses do not constitute a defense.

The transaction set forth in these defenses and by them alleged to have been ratified was neither *ultra vires* of

nor fraudulent as to the Wabash Company. The trans-
action presented by the complaint could not be ratified by
a mere majority of the stockholders because it was fraud-
ulent. The direct or indirect misappropriation of assets
of the corporation to his own use or benefit by an officer
is incapable of being authorized or ratified by a vote or
any act or omission of the majority of the stockholders.
(*Continental Securities Co.* v. *Belmont,* 206 N. Y. 7; *von
Arnim* v. *American Tube Works,* 188 Mass. 515; *Rus-
sell* v. *Patterson Co.,* 232 Penn. St. 113.) The transac-
tion approved and confirmed by the majority of the
stockholders, as the defenses allege, was not fraud-
ulent. It was irregular and unlawful because the
Wabash Company and the syndicate had members in
common. But being *intra vires* and fair, candid and
reasonable, under the allegations of the defenses, it was
voidable, not void, and was subject to repudiation or rati-
fication by a duly had vote of the majority of the stock-
holders. It is true that the corporate powers are vested
in and are to be exercised by the board of directors who can-
not be controlled by the stockholders in the reasonable and
honest exercise and performance of their duties. In the
present case the directors, in the exercise of corporate
power, issued the stock and executed the transaction. The
vice therein was that it violated the rule that directors
cannot lawfully enter into a contract in the benefit of which
they or one or more of them participate without the knowl-
edge and consent of the stockholders. While the stock-
holders had not the power or the right to initiate and carry
through the transaction or substitute other action in its
place, they could say whether or not the corporation
would take cognizance of the breach of trust and repu-
diate the transaction as to the directors and hold them
liable for the damage caused. Equity, at least, recog-
nizes the truth that the stockholders are the proprietors
of the corporate interests and are ultimately the only
beneficiaries thereof and the remedies given the corpora-

128 POLLITZ *v.* WABASH R. R. CO.

tion are really, though indirectly, for the protection of their rights. They may at each authorized election entirely change the directorate and may at any time keep the directors within the line of faithful administration by an appeal to a court of equity or repudiate their acts which are *intra vires* of them, but voidable. In case the defendants establish, under the defenses, that the entire proceeding was conducted in good faith and in further- ance of the purposes of and with fairness to the Wabash Company, its result was voidable, not void, and could have been ratified by the stockholders through a duly had majority vote. (*Skinner* v. *Smith*, 134 N. Y. 240; *Con- tinental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225, 238; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; *Hart* v. *Ogdensburg & L. C. R. R. Co.*, 89 Hun, 316; *Kelley* v. *Newburyport & A. H. R. R. Co.*, 141 Mass. 496; *Wallace* v. *Long Island R. R. Co.*, 12 Hun, 460; *Russell* v. *Patterson Co.*, 232 Penn. St. 113; *San Diego, Old Town & Pacific Beach R. R. Co.* v. *Pacific Beach Co.*, 112 Cal. 53.)

The counsel for the plaintiff asserts that the defenses now being considered, other than those in the answers of McHarg and Hubbard, do not aver that the pecuniary interest of the individual defendants in the transaction, arising through their membership in the syndicate was made known to the stockholders at the meeting of Octo- ber, 1904. All the facts reasonable and fairly inferable from the express allegations are to be deemed averred. They allege that there was submitted for inspection at the meeting the proposition of May, 1904, of the syndicate to the board of directors for the issue of the stock. The proposition involved a matter of magnitude. The syn- dicate was neither a corporation nor a partnership. The inference that the proposition disclosed those who were making the proposition and were to participate in the matter is reasonable.

The defenses referred to in the second question certified

are likewise substantially identical and allege in sufficient form and in effect that all the stockholders of the Wabash Company, including the plaintiff, had, prior to the commencement of the action, acquiesced in the transaction as averred in the defenses referred to in the first question certified.

Acquiescence as a defense has, speaking generally, a dual nature. It may, upon the one hand, rest upon the principle of ratification, and may be denominated implied ratification, or it may, upon the other hand, rest upon the principle of estoppel, and may be denominated equitable estoppel. The former principle underlies it when the conduct of a plaintiff, relating to the transaction or matter complained of by him, subsequent to the rise of it, justifies and supports the normal and reasonable conclusion that he, by his assent thereto or acquiescence therein, has accepted and adopted it. His ratification is implied through his acquiescence instead of expressed by positive and distinct action or language. (*Arnot* v. *Union Salt Co.*, 186 N. Y. 501; *San Diego, O. T. & D. B. R. R. Co.* v. *Pacific Beach Co.*, 112 Cal. 53.) The latter principle underlies it when a plaintiff against whom it is invoked remained silent or inactive when there was the opportunity and the duty to speak or act. (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458; *Sheldon H. B. Co.* v. *Eickemeyer H. B. M. Co.*, 90 N. Y. 607.) The substantive facts alleged in the defenses under consideration are those alleged in the defenses referred to in the first question certified, and may in case the proof upon the trial fails to establish express ratification, constitute acquiescence in and the adoption of the transaction, although they do not constitute an equitable estoppel between the Wabash Company and the individual defendants. The arguments of the plaintiff's counsel against the sufficiency of the defenses are met by what has been said in regard to the defense of ratification.

The defense alleged in the defenses referred to in the

9

third question certified is that the plaintiff has been guilty of such laches that he is not entitled to maintain the action or have relief from the court.   The counsel for the plaintiff argues that the defense is not properly or sufficiently pleaded.   We hold the contrary.   Knowledge on the part of the plaintiff of the essential facts constituting the alleged wrong, the opportunity for seeking and enforcing the remedy and prolonged delay in doing so, are shown.

Laches, however, is not a bar to the cause of action alleged.   The plaintiff, in behalf of the corporation, is seeking to enforce in equity a legal right, to wit, the right of the corporation to recover from the individual defendants the damages resulting from their misuse of its assets. The favor or the discretion of the court is not appealed to, as was the fact in *Groesbeck* v. *Morgan* (206 N. Y. 385) which was an action for specific performance by a vendee against the vendor wherein we held that laches was a defense independent of the statute of limitations.   In the present case resort is had to equitable jurisdiction for the purpose of ascertaining through an accounting the sum of damages.   In *Coit* v. *Campbell* (82 N. Y. 509, 514) Judge RAPALLO, writing for the court, said: "It is a well-established principle of equity, that where there is a discretion to bar a right on the ground of delay, the courts will, in the exercise of that discretion, use the Statute of Limitations as a rule to guide their action. (Mitford's Equity Pleadings, 293, 318.)   Of course, this principle applies only to cases where the relief asked relates to a matter of right, and not to applications to the favor of the court, or for its indulgence in cases of default or excusable neglect.   These cases are purely discretionary, and any laches which may to the courts seem sufficient, is cause for denying relief."   The alleged cause of action is barred by the statute of limitations applicable to it, and not by laches.   (*Coit* v. *Campbell*, 82 N. Y. 509; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185.)

The question certified in the order permitting the defendant Hubbard to appeal requires the further determination as to whether he has sufficiently pleaded the defense of ratification. The defense, as pleaded, alleges the facts constituting the transaction between the Wabash Company, the Pittsburg Company and the syndicate (which thereunder was voidable, not fraudulent), the ratification of the acts of the directors at the stockholders' meeting of October, 1904, and that subsequent to those matters " the plaintiff with full knowledge thereof ratified and confirmed the same." The plaintiff asserts that "to say merely that a person has ratified is to allege a general conclusion which the pleader draws from undisclosed facts or inferences." Ratification is a conclusion of fact and not a conclusion of law. The evidence or the facts establishing a fact entering into a cause of action or a defense need not be pleaded. The defense is, therefore, sufficiently pleaded. (*Carter* v. *Pomeroy*, 30 Ind. 438.)

The order should be modified by sustaining the demurrers of the plaintiff to each of the defenses mentioned in the third question certified, and by overruling the demurrer of the plaintiff to the second separate and distinct defense contained in the separate answer of the defendant Hubbard, and as so modified affirmed, without costs to any party. The questions should be answered: Each of the defenses named in the first and second questions certified and the defense in the question certified upon the appeal of the defendant Hubbard is sufficient in law upon the face thereof. Each of the defenses named in the third question certified is insufficient in law upon the face thereof.

CULLEN, Ch. J. (dissenting in part). I vote to reverse the order and interlocutory judgment so far as they sustain the defense of laches. Doubtless, laches may be a bar to certain actions in equity where the award of equi-

table relief is discretionary or where the denial of such relief does not destroy the plaintiff's cause of action. Thus, specific performance of a contract may be refused for laches, for the award of that relief is discretionary and there remains to the plaintiff his right of action at law for damages. So, also, where a plaintiff appeals to equity to avoid a transaction that is merely voidable, the party must make his election to avoid within a reasonable time. In such cases the Statute of Limitations is not controlling. In the present case, however, the plaintiff does not seek to avoid the sale of the company's stock, but to recover damages for the wrongful acts of the individual defendants in disposing of it, and laches is expressly pleaded in the answer as a defense to the claim for damages. The claim for damages can be barred only by the same Statute of Limitations which would bar an action by the company for the same relief. (The question of what statute applies is not before us.) That proposition was decided by this court in *Galway* v. *Metropolitan Elevated Railway Company* (128 N. Y. 132), where it was held that laches as a defense to an action in equity was limited to actions of an equitable nature exclusively or to cases where the legal right had expired, and that as long as the legal right exists the party is entitled to maintain his action in equity. In this case the legal right is that of the corporation against the alleged wrongdoers, and the plaintiff's cause of action is derivative — not to enforce his individual right but that of the corporation.

I vote for also reversing the orders below so far as they sustain the defense of acquiescence. As a defense, acquiescence, pure and simple, is limited to that class of equitable actions in which the defense of laches is available. (See opinion of RUGER, Ch. J., in *Galway* v. *Met. El. Ry. Co.*, *supra*, at p. 150.) Of course, acquiescence may be an element of and with other elements constitute ratification or estoppel. So, also, acquiescence at or

before the commission of the acts complained of might alone constitute an estoppel. But what is pleaded in the answer is subsequent acquiescence. For that to operate as an estoppel there must have been a duty to speak. The attendant circumstances set forth in the answer might estop the plaintiff from having the sale of the stock set aside, relief which he does not seek, but not from the recovery of damages for the benefit of the corporation, which he does seek. A defense which a party is permitted to plead in his answer must be a defense to the cause of action for which the plaintiff sues, not to a different cause of action, on which he does not sue.

HAIGHT, HISCOCK and CHASE, JJ., concur with COLLIN, J.; VANN and WILLARD BARTLETT, JJ., concur with CULLEN, Ch. J.

Order modified, etc.