HAROLD M. LEVAN, Plaintiff, v. AMERICAN SAFETY TABLE CO., INC., and Others, Defendants.

Supreme Court, New York County, February 20, 1928.

**Pleadings — counterclaim — stockholders' action to cancel certificates of stock and recover payment made therefor on ground of fraud — counterclaim reciting purchase was inducing cause of defendant agreeing to employ plaintiff is proper — but same facts set up as separate defense are insufficient — defense containing allegation of laches with others of ratification, sufficient.**

In this action to cancel certificates of stock and recover the purchase price therefor, on the ground of fraud, a counterclaim reciting that the purchase of the stock was the inducing cause of defendant agreeing to employ plaintiff as treasurer and general manager of the corporation for a year, is proper, since it arose as part of the transaction on which plaintiff's claim is predicated. But the same facts set up as a separate defense are insufficient, since plaintiff's breach of the contract of employment does not preclude him from obtaining a rescission of his purchase of stock on the ground of fraud.

A further defense, containing allegations of laches with others of ratification, may stand in the face of the allegation that plaintiff " has ratified and confirmed the same " and received benefit thereof and thereunder; all that is required is that a good defense be stated on either of these grounds, and that alleging ratification being sufficient, it is unnecessary to consider the validity of the defense on the theory of laches.

MOTION by plaintiff under rule 109 of the Rules of Civil Practice to strike out third and fourth separate defenses and to dismiss counterclaim.

Plaintiff sued on behalf of himself and four assignors to rescind certain subscription contracts to the capital stock of defendant corporation, to cancel certificates of stock, and to recover consideration paid therefor on the ground that the subscriptions were procured by fraud perpetrated by the individual defendants. Defendants' counterclaim, among other things, alleged: " That as part of the transaction by which the plaintiff purchased the stock in the defendant corporation referred to in paragraph sixth [meaning the complaint], which said purchase of stock in the defendant corporation was an inducing cause in the making of the agreement of employment hereinafter alleged, the plaintiff and defendant American Safety Table Company, Inc., entered into an agreement by the terms of which the defendant American Safety Table Company, Inc., employed the plaintiff as its treasurer and general manager for a period of one year from the 1st day of April, 1924, at a salary of $10,000 per annum."

*Rudolph Marks Rodkinson* [*Albert Adams* of counsel], for the plaintiff.

*William Klein* [*I. Gainsburg* of counsel], for defendants American Safety Table Co., Inc., and Louis Frankel.

FRANKENTHALER, J. According to the allegations of the counterclaim it arose as part of the very transaction which forms the basis of plaintiff's claim. It cannot, therefore, be said that it is improperly interposed. The same facts are set up both as a counterclaim and as a third separate and distinct defense. Although they do state a good cause of action by way of counterclaim, they do not state a good defense to the action. Plaintiff's breach of the contract of employment does not preclude him from obtaining a rescission of his purchase of stock on the ground of fraud. The motion to strike out the third separate and distinct defense must, therefore, be granted. The fourth separate and distinct defense combines allegations of laches with others of ratification, and if a good defense is stated on either of these grounds the motion to strike out the defense must be denied. The allegations that plaintiff " has ratified and confirmed the same " and received benefit thereof and thereunder sufficiently sets up a good defense of ratification. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 131.) It is accordingly unnecessary to consider the validity of the defense on the theory of laches.

The motion is, therefore, granted to the extent of striking out the third defense, and otherwise denied.

Order signed.