FIRST NATIONAL BANK of Kansas City, Missouri, Respondent, *v.* JOHN HALL, Appellant.

*Sale of collateral by a pledgee to itself — it is a nullity, not a conversion — form of the judgment entered on the principal obligation.*

Where a pledgee of collateral securities, given to it as security for the payment of a note, sells them at auction to itself, after default, the sale is a nullity unless the pledgor assents to it.

Where the pledgee subsequently brings an action upon the note, asking judgment for the amount thereof, less the sum realized upon the sale of the collateral securities, to which the maker interposes a counterclaim based upon an alleged conversion of the collateral securities because of the sale thereof to the pledgee, and the validity of the attempted sale is passed upon on the trial

of the action and the sale is held to be a nullity, the judgment entered in the action should set forth that fact as so determined.

*Semble,* that in such a case the pledgee having purchased, and still holding the collateral securities, the defense of conversion is not made out.

APPEAL by the defendant, John Hall, from a judgment of the Supreme Court in favor of the plaintiff, dated the 9th day of January, 1897, and entered in the office of the clerk of the county of Saratoga upon the report of a referee.

On the 6th day of September, 1893, the defendant made his promissory note, payable six months after date, to the order of the First National Bank of Kansas City, Missouri, for $8,000 at six per cent interest. The note, in its body, recites various securities as being attached thereto as collateral security for the payment thereof, amongst others two notes, one for $6,000 and the other for $3,000, executed by Fannie K. and George W. Crane, dated February 27, 1892, secured by mortgage.

On or about the 28th day of April, 1895, these Crane notes were put up for sale by, and bid in for and on behalf of the plaintiff, for the sum of $3,500. After deducting the sum of $11.88, expenses for advertising, the plaintiff was credited with the sum of $3,488.12 on the $8,000 note.

On May 20, 1895, the plaintiff commenced this action against the defendant upon the note in question, the complaint being verified May eighteenth. The complaint sets forth the making of the note and the non-payment thereof, except the sum of $3,488.12, " Being the net proceeds of sale of notes delivered to said plaintiff, collateral to said note, paid April 24, 1895," and demands judgment for the sum of $5,282.54, with interest from the 24th day of April, 1895.

The defendant in his answer, amongst other defenses, alleges that the plaintiff converted and disposed of securities held by the plaintiff as collateral security for the payment of such note, to an amount more than sufficient to pay the same, and asks judgment for the value thereof to be adjudged a counterclaim in favor of the defendant.

The referee found that the sale of the Crane notes was not ratified or affirmed by the defendant, and that such sale was a nullity, and that such collateral securities were still held by the defendant as collateral security for the payment of the note and interest, and

that, therefore, the defendant should not be credited with the $3,488.12 as stated in the complaint, and found that the amount due and owing the plaintiff at the date of the report, for principal and interest, was $9,589.33, and judgment was entered thereon in favor of the plaintiff against the defendant for that amount and costs. Nothing is said in the judgment as to the attempted sale of the Crane notes or as to the present ownership thereof.

*L. H. Northup* and *D. M. Westfall,* for the appellant.

*C. S. Lester,* for the respondent.

HERRICK, J.:

It is unnecessary for the disposition of this case to state the transactions prior to the making of the note in question. Suffice it to say that the referee has found that there was a good and sufficient consideration for the giving of the note, and in that finding I concur.

The plaintiff held the so-called Crane notes and other securities as pledges, and it is well settled by authority in this State that it could not become the purchaser thereof unless the defendant assented to the purchase; the defendant not assenting to it, the sale became a nullity, and the parties' rights therein are the same as though no sale had been attempted. (*Bryan* v. *Baldwin,* 52 N. Y. 232; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 id. 190, 204; *Roach* v. *Duckworth,* 95 id. 391.)

This is not like the case of *Griggs* v. *Day* (136 N. Y. 152); there the pledgee parted with the securities to a third person, and at the time of the trial of the action he was not in possession thereof; and it was held that his act was a conversion of the securities, and that such conversion effected a discharge of the debt to an amount equal to the actual value of such security, and, such security being the promissory note of a third person, that the amount unpaid upon such a note at the time of the conversion of such note was *prima facie* the actual value.

In this case the plaintiff retained possession of the securities and had them in his possession at the time of the trial. Treating the attempted sale as a nullity left the possession in it, with the same legal effect as when it originally received them.

The attempted sale and its effect having been litigated in this action, I think justice to the defendant requires that the result should be set forth in the judgment.

While the plaintiff's complaint sets forth a payment upon the said note and demand of judgment less than the amount of the face of the note, still, that payment being alleged in the complaint as the proceeds of an alleged sale of collateral securities, and the defendant, by his answer, having repudiated such sale, and the trial court having found for the defendant upon that issue, I do not think that justice requires that the plaintiff should, nevertheless, be confined in his recovery to the original demand of the complaint, and that the appellant's contention in that respect should not be sustained.

The appellant claims that the sum of $910, collected by the plaintiff, being interest upon the collateral attached to the note, should have been credited upon the note in suit. The interest so collected was collected prior to the giving of the note sued upon, and was apparently credited upon the note given prior to this one.

The former note had been reduced to $8,000, and the giving of the note in litigation is presumptively an adjustment of the accounts between the parties at the sum for which the note was given ; the contention of the appellant in that respect cannot, therefore, be sustained.

The judgment appealed from should, therefore, be corrected and modified by adjudging that the sale of the so-called Crane notes, and the purchase thereof by the plaintiff, was and is null and void ; and that the same are now held by the plaintiff as pledgee, and not as owner thereof, and so modified should be affirmed, with costs.

All concurred.

Judgment modified as per opinion, and as modified affirmed, with costs.