KESHISHIAN BROS., INC., Respondent, *v*. ROBERT DEVERIAN, Appellant.

Fourth Department, January 16, 1952.

*Vincent J. Mulvey* for appellant.

*William A. Marden* for respondent.

*Per Curiam.* The indebtedness of the plaintiff to the defendant was evidenced by a promissory note, payable in three months. The last renewal note was dated October 19, 1932, and was payable on January 19, 1933. The indebtedness, therefore, became due and payable on January 19, 1933. At that time, the defendant could have taken appropriate action to collect on the note or enforce his lien upon the rugs. Likewise, at

that time, the plaintiff could have paid the note and received back the goods pledged. Neither party, however, took any action thereafter to enforce their rights except that the defendant made sales of rugs pursuant to the authority given by the plaintiff to the defendant by their agreement. In February or March, 1942, the plaintiff demanded a settlement and accounting from the defendant. The trust relationship of pledgor and pledgee, between the parties, continued to the time of the commencement of this action on May 11, 1943. It is evident that the defendant was content to collect its debt by sale of the rugs according to the agreement and that the plaintiff was content to liquidate the debt in the same manner. It is clear that the relationship between the parties was and continued to be that of trust. (*Toplitz* v. *Bauer,* 161 N. Y. 325; *Gillet* v. *Bank of America,* 160 N. Y. 549.) By reason of the inaction of both parties, they have acquiesced in the continuance of their trust relationship and have acknowledged that there were continuing rights and obligations existing between them. The enforcement of these rights and obligations was not barred by any Statute of Limitations so long as the trust relationship continued and until by affirmative action, one party or the other brought the trust relationship to an end. The title to the rugs in the possession of the defendant remained in the plaintiff until sold by the defendant according to the terms of the agreement and the proceeds from the sale of the rugs, when received by the defendant, became trust property in his hands to apply upon the debt and to return any surplus to the plaintiff. (*Wheeler* v. *Newbould,* 16 N. Y. 392.)

It is unnecessary to decide whether the statute has run against the note. The defendant's lien was not impaired. The title to the rugs did not pass to the defendant, however, nor did the proceeds of the sales. The defendant received such proceeds as trustee for the purpose of applying the same upon the indebtedness owing by the plaintiff. The Statute of Limitations did not run against the lien so long as the trust relationship continued and was not terminated by payment of the indebtedness. (*Hulbert* v. *Clark,* 128 N. Y. 295.) Likewise, the plaintiff's rights in the trust property were not barred by the statute. Under the facts in this case, the statute did not begin to run until the plaintiff made a demand for an accounting. (*Miner* v. *Beekman,* 50 N. Y. 337; *Treadwell* v. *Clark,* 190 N. Y. 51; *Purdy* v. *Sistare,* 2 Hun 126.)

We think that the plaintiff was not restricted, in the enforcement of its rights, to an action at law. (See *Beugger* v. *Ashley,*

161 App. Div. 576.) It was entitled to an accounting in an equity action. Since most of the rugs had been sold, plaintiff could not have redeemed them. There is also a dispute as to the amount due to defendant for the debt, interest and expense of handling and selling the rugs. Only by an accounting, can it be ascertained whether the plaintiff is entitled to any surplus out of the proceeds. Until an accounting is had, the respective rights of the parties cannot be determined.

Since we hold that the defendant may be entitled to credit for the reasonable and necessary expense in storing, caring for, insuring, and selling the rugs, we think that the interlocutory judgment unduly restricts the power of the referee to determine the same. The interlocutory judgment should be modified so as to empower and direct the referee to take all relevant and material evidence in that regard in order that the court, on final judgment, may do complete justice between the parties. The interlocutory judgment should be modified as indicated herein and as modified, affirmed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Interlocutory judgment modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. [See 280 App. Div. 910.]