Hamm, J.
The defendant has moved under subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the plaintiff’s complaint on the ground that the alleged cause of action set forth therein ‘ ‘ did not accrue within the time limited by law for the commencement of an action thereon.” In 1934, the plaintiff’s testator, Frank E. Donohue, was indebted to the defendant on three notes in the total amount of $9,150. In that year the defendant demanded additional security for its debt. The plaintiff’s testator was the owner of a one-half undivided interest in real property in the city of Albany. The title to the real property was in the name of his nominee, Mary F. Hakes. After the defendant’s demand for additional security the plaintiff’s testator caused Mary F. Hakes to convey the property to Addison Keim, the defendant’s nominee, who was then an officer of the defendant. The indebtedness matured before the death of the plaintiff’s testator. On Febru *444 ary 24, 1938, pursuant to a notice of sale which described the property to be sold as follows: “ Deed — Mary F. Hakes to Addison Keim covering one-half interest in properties s/s Washington Avenue n/s Brevator Street, e/s Magazine Street, Albany, N. Y.” the defendant purported to purchase the property by bidding it in at the sale. The afore-mentioned purported notice of sale was served on the plaintiff. The record title of the property remained in the ñamé óf Addison Keim until October of 1944, when Addison Keim conveyed the property to James A. Hughes, then an officer of the defendant, who was nominated by the defendant in Addison Keim’s stead. In July of 1948, the property was taken by the State of New York under its power of eminent domain and in 1952 and 1953, the State, of New York paid to James A. Hughes, the defendant’s nominée, approximately $44,000. This action was commenced by service of a summons and verified complaint on the defendant on December 8, 1954.
It is the plaintiff’s allegation that the defendant through its nominee held the property as collateral from the pledge of the same to and throughout the taking by eminent domain by thé State of New York. The plaintiff contends that the sale must be regarded as a nullity because the pledgee itself became the purchaser without authorization. It has been held that where the pledgee is the purchaser the pledgee must be deemed to still hold the property as a pledge after a sale (Jones v. National Chautauqua Co. Bank, 272 App. Div. 521; Keshishian Bros. v. Deverian, 279 App. Div. 324, Berwin. v. Newman, 85 N. Y. S. 2d 568, 577, affd. 276 App. Div. 994). And in this case there was no conversion at the time of the sale because the pledgee and not a third party was the purchaser (First Nat. Bank v. Hall, 22 App. Div. 356).
It is not disputed that the plaintiff had knowledge that a sale was contemplated. So it is the defendant’s position (brief submitted in Donohue v. First Trust Co. of Albany, 286 App. Div. 918, and submitted also to Special Term) that even if the purchase by the defendant pledgee was a breach of trust so that the relationship of pledgor and pledgeé continued, the transaction was not void but was merely voidable at the option of the beneficiary pledgor. It is the defendant’s thesis that the sale had' to be avoided by the beneficiary within a reasonable time after learning of it, that by the lapse of time from the date of the sale there has been a ratification of the sale and that the Statute of Limitations started to run from the end of the maximum period within which *445 objection reasonably should have been made. It follows, if it were found on a trial that the sale was a nullity and that the defendant pledgee continued to hold the property as a pledge, that determination of whether there was ratification and, if so, when it occurred, would constitute conditions to determining respectively if and when the Statute of Limitations commenced to run. Ratification may be pleaded as such as a fact and not a conclusion (Pollitz v. Wabash R. R. Co., 207 N. Y. 113; Goldberg v. Berry, 231 App. Div. 165) but it is nevertheless an affirmative defense to be pleaded and proved by the defendant (Civ. Prac. Act, § 242).
Conceivably there may have been protest by the plaintiff after the purchase by the defendant rather than passivity. On a trial the plaintiff might wish to introduce evidence to show that, despite the long lapse of time after the alleged sale, there was no ratification. This would present a question of fact determinable by the trier of the facts and not by the court at Special Term. Moreovér, in none of the papers submitted does it clearly appear that the plaintiff at any time knew or learned that the defendant itself was the purchaser at the sale. There could hardly be ratification by the pledgor of a purchase by the pledgee without awareness that the pledgee was in fact the purchaser, and thus an additional question of fact may be presented. And even though the passage of time after a known purchase might be, if wholly unexplained, sufficient evidence of ratification, I cannot find as a matter of law in the absence of the plaintiff’s potential evidence in rebuttal of the defendant’s affirmative defense of ratification, either that there was ratification or, if there was, when such ratification occurred.
The motion is denied.
An order may be submitted on three days’ notice.