KATHERINE A. DONOHUE, Individually and as Executrix of FRANCIS E. DONOHUE, Deceased, Respondent, *v.* FIRST TRUST COMPANY OF ALBANY, Appellant.

Third Department, May 17, 1956.

*Eugene P. Devine* for appellant.

*John M. Schneider* for respondent.

*Per Curiam.* This is an action against a bank for an accounting. The question raised by defendant's motion is whether the Statute of Limitations has run. Plaintiff's testator was indebted to the bank for money loaned. On October 11, 1934, the testator " pledged " as collateral to the loan an undivided one-half interest in real estate by conveyance of title to an officer-nominee of the bank.

After the testator died, the bank made demand on plaintiff as executrix for payment of the loan; and the loan not having been paid, the bank served a notice on her that on February 24, 1938, " the collateral mentioned and described " in the notice would be sold at public auction to the highest bidder. Among other items of collateral thus described was the interest of the plaintiff as executrix in the property described in the deed from the testator to the officer of the bank.

The bank concedes that it bought the property itself at this sale; but the actual transaction was that the property remained without change in record title in the name of the bank's nominee; and was later transferred to the name of another nominee. It thus was recorded in the name of the bank's nominees from the transfer in 1934 until 1948 when it was acquired by the State in condemnation; and the proceeds of the award in condemnation were paid by the State to the bank's nominee in 1952 and 1953 and by him to the bank.

The amount received by the bank greatly exceeded the indebtedness of the testator. In 1954 plaintiff made demand that the bank account for the proceeds of the money received in condemnation in excess of the indebtedness; this being refused, the present action for an accounting was instituted on December 8, 1954. The Special Term has denied the bank's motion for dismissal made on the ground the Statute of Limitations bars the action.

The complaint does not undertake to characterize the nature of the interest which the bank took in the property by the deed to its nominee given as collateral. Plaintiff seems to concede

that the bank had a valid collateral interest in the property taken in this form, since the prayer for relief is that plaintiff have upon the accounting which she seeks, judgment against defendant " for the balance of said money remaining after the payment of the said indebtedness ".

Both sides argue the appeal in this court as though there had been a pledge of personal property and the sale by the bank at public auction had been a sale of such property. This was the argument in Special Term and it is the basis of the Special Term's decision. It may well be that if the transfer be regarded as a pledge of personal property and the sale had been a sale of such property to the pledgee, the Statute of Limitations would not have run against this action.

There is authority for treating the sale by the bank to itself of personal property pledged as collateral without consent of the owner to such acquisition as a nullity not affecting the rights of the parties. (*First Nat. Bank* v. *Hall,* 22 App. Div. 356.) The rule against self-dealing is consistently enforced (*Jones* v. *National Chautauqua Co. Bank,* 272 App. Div. 521, 527) ; where there is no right in the pledgee to buy the pledged property itself, it is deemed to continue in possession as pledgee despite the fact that it had bought in the property. (*Duncomb* v. *New York, Housatonic & Northern R. R. Co.,* 84 N. Y. 190.)

Unless it be shown on the trial that the plaintiff acquiesced in or ratified the sale of pledged personal property to the pledgee itself (*Roach* v. *Duckworth,* 95 N. Y. 391; *First Nat. Bank* v. *Hall, supra*) the bank could be deemed to continue to hold the property and its substitute, the award in condemnation, as pledgee. The Statute of Limitations against the right of the plaintiff to sue for an accounting would not begin to run until plaintiff had made demand that the pledgee account.

Thus, if the property pledged is treated the way the parties treat it here, and if the controversy is decided the way it was submitted to the Special Term for decision, as being governed by rules of law affecting pledged personal property, it cannot be said definitively on the papers before us that the Statute of Limitations has run against the cause of action.

But the complaint itself is cast on broader lines than the argument thus far advanced by either side. It does not, as it has been noticed, allege what was the nature of the property pledged, but merely pleads that the sum which has been realized for it greatly exceeds all indebtedness; and upon this allegation an accounting is sought. We are required to examine other possibilities presented by such a pleading as affecting the impact on the action of a pertinent Statute of Limitations.

It must be noticed that the property transferred by conveyance of the one-half undivided interest to the bank's nominee was not personalty, but real property. And since the conveyance was made as collateral security rather than as an absolute conveyance, the deed to the bank's nominee was a mortgage, even though it was absolute in its terms of conveyance.

The rule is thoroughly settled (*Mooney* v. *Byrne,* 163 N. Y. 86, 91; *Horn* v. *Keteltas,* 46 N. Y. 605; *Meehan* v. *Forrester,* 52 N. Y. 277; *Odell* v. *Montross,* 68 N. Y. 499; *Barry* v. *Hamburg-Bremen Fire Ins. Co.,* 110 N. Y. 1, 5; *Kraemer* v. *Adelsberger,* 122 N. Y. 467; *Macauley* v. *Smith,* 132 N. Y. 524). The intent is expressed in the statute (Real Property Law, § 320; cf. *Matter of Citizens Nat. Bank & Trust Co.* v. *State Tax Comm.,* 274 App. Div. 722). In this situation the only method by which plaintiff's rights could be cut off would be by foreclosure; and the notice of sale at public auction would have had no effect one way or the other on the rights either of the plaintiff or defendant.

The applicable Statute of Limitations would in these circumstances seem to be the one that would relate to a mortgagor seeking an accounting or other appropriate relief against a mortgagee. The direction this relief would take would in some measure depend on whether the bank were found on an adjudication of the facts on the trial to have been a mortgagee in possession; and we are unable to determine that question on the pleadings and papers before us. If the bank had been, since the time of the default in 1935 in actual occupation of the land, it would be deemed a mortgagee in possession and the remedy of the plaintiff as against such a mortgagee in possession would seem to be governed by section 46 of the Civil Practice Act. This provides that an action may be maintained by the mortgagor to redeem real property from a mortgage against a mortgagee in possession, unless the mortgagee in possession has " continuously maintained possession of the mortgaged premises for fifteen years after the breach of a condition of the mortgage ".

The limitation on the institution of the action to redeem provided by section 46 is not operative unless the mortgagee is in possession (*Sumner* v. *Sumner,* 217 App. Div. 163), and, it must be added, unless the mortgagee has " continuously maintained " such possession for fifteen years after default.

Whether the bank was actually in possession from 1935 to 1948 when the State took the land, and whether the payment of the proceeds of condemnation to its nominee and the payment of it by him to the bank was a continuance of such possession, are questions we need not now decide, because the answer to the

first depends on which way the facts are found, and the answer to the second, one way or the other as a matter of law, is not necessary unless the first be decided favorably as a matter of fact and law to the bank.

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Order affirmed, with $10 costs.