WILLIAM S. McILRATH, Respondent, *v.* S. WATERBURY & SONS COMPANY, Appellant.

Second Department, November 5, 1920.

Corporations — agreement of chief stockholder and director to pay bonus to employee — when such promise not binding upon corporation.

The fact that a director and owner of most of the capital stock of a corporation made a personal promise to pay a bonus to an employee for services rendered in addition to a weekly salary did not make such promise that of the corporation itself so as to justify a judgment against it for a breach of said promise, there being no proof of any corporate action in the premises or any authority, actual or implied, to bind the corporation by such promise, or proof that the corporation accepted the services with corporate knowledge of the promise.

As a general rule one director cannot bind a corporation nor can a stockholder do so.

APPEAL by the defendant, S. Waterbury & Sons Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the

14th day of February, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of February, 1920, denying· the defendant's motion for a new trial made upon the minutes.

Action against a corporation to recover on an alleged contract by which the defendant promised the plaintiff a bonus or sum in addition to weekly salary for services rendered.

*Samuel M. Richardson,* for the appellant.

*Ralph G. Barclay* [*David Joyce* with him on the brief], for the respondent.

Per Curiam:

The testimony, viewed in the light more favorable to the .plaintiff, charges Mrs. Wylie with a personal promise to pay the bonus of $1,000. The fact that she owned almost all of the capital stock of the defendant did not make it and her one. (Cook Corp. [7th ed.] § 6.) The fact that Mrs. Wylie, when she made the promise, was a director of the corporation and that such· a promise involved services to· the corporation did not indicate necessarily that the promise was corporate. As Mrs. Wylie owned almost all of the stock, the benefit of the corporation was ultimately her benefit as well. And one director cannot bind a corporation as a general rule. (Cook, *supra,* § 712.) · Nor can a dominant stockholder do so. (Id. § 709; *Chase* v. *Michigan Telephone Co.,* 121 Mich. 634.) There was no proof of any corporate action in the premises. There is no proof that Mrs. Wylie had any authority, actual or implied as agent or officer, to bind the corporation by any such promise. There is no proof that the corporation accepted the services of the plaintiff with corporate knowledge, actual or legal; that any promise other than an increase of wages had been made on behalf of the corporation. So far as the corporation is concerned, the mere continuance of plaintiff in its service is consistent with the increase of wages, quite aside from the bonus, which the plaintiff asserts was but an additional inducement. It may well be that the plaintiff has a legal ·claim against Mrs. Wylie personally. That is a question not to be decided because it is not in litigation, but we think that

the verdict cast upon the corporation is against the weight of the evidence and that, therefore, there must be a new trial, with costs to abide the event.

JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.