FREDERIC R. GOLDBERG, in Behalf of Himself and All Other Stockholders of C. H. & E. S. GOLDBERG, a New York Corporation, Similarly Situated, Respondent, *v.* WILLIAM J. BERRY and Others, Appellants.

First Department, December 26, 1930.

*John J. Curtin* of counsel [*Irving Smith, Jr.,* and *Wesley S. Sawyer* with him on the brief; *Olney & Comstock,* attorneys], for the appellants.

*John Wallace Young* of counsel [*Russell R. Reaper* with him on the brief; *Gordon & Young,* attorneys], for the respondent.

MARTIN, J. This appeal requires a consideration of the principles governing defenses in a stockholders' action. Several of such principles having been frequently stated in recent opinions, it will be unnecessary to here restate them at length.

Frederic R. Goldberg, one of the stockholders of the corporate defendant, brought this representative action for an accounting in behalf of himself and other stockholders similarly situated. The complaint consists of eight causes of action and contains the following allegations:

During the year 1920 the defendants William J. Berry and Henry P. Davy, directors of the corporate defendant, and one L. A. Goldberg, not the plaintiff herein, organized a corporation styled the Chesgold Holding Corporation for the sole purpose of taking title to premises designated as the "Ross Building" at No. 585 Hudson street, New York city. It was their intention that the corporate defendant C. H. & E. S. Goldberg should conduct its business as a wholesale dealer of wooden ware in these premises.

The corporate defendant paid $50,000 to the newly-created Chesgold Holding Corporation to enable it to purchase the property, for which it received 500 shares of the capital stock of the Chesgold Holding Corporation, which shares eventually came into the hands of the defendants Berry and Davy, and they constituted a majority of the directors both of the Chesgold Holding Corporation and the corporate defendant C. H. & E. S. Goldberg.

On July 1, 1920, the defendants Berry and Davy caused 210 shares to be transferred to the defendant Berry, on the delivery to the corporate defendant of two of its notes aggregating $21,000, one payable to the defendant Berry's wife and the other to his sister-in-law. On the same date, fifty shares were transferred to Berry for the purported sum of $5,000 cash, with which amount his personal account with the corporate defendant was debited.

Thereafter, on December 31, 1920, twenty shares were transferred to the defendant Berry for the purported sum of $2,000 cash; seventy shares to the defendant Davy for the purported sum of $7,000 cash, and thirty shares to L. A. Goldberg for the purported sum of $3,000 cash, with which amounts their respective personal accounts were debited. On December 13, 1922, the defendant Berry received sixty shares; defendant Davy forty shares and L. A. Goldberg twenty shares. The consideration for these shares

purported to be a note for $12,000 made by the Chesgold Company payable to the order of the corporate defendant.

The L. A. Goldberg referred to above was not made a defendant herein, and he does not now, nor has he for years owned or controlled any of the stock in question. The shares originally transferred to him were retransferred by him to the defendant Davy.

The premises in question had been purchased for the use of the corporate defendant, but as a result of these transfers of stock, its position was changed from that of owner to that of a tenant. As owner its possession of the building for its business would have cost about $12,000 annually, the interest on outstanding mortgages. As a tenant under the lease from the Chesgold Holding Corporation, all of whose stock the defendants Berry and Davy ultimately procured, it was required to pay an annual rental of approximately $21,000.

Eight defenses are set up by defendant, six designated entire defenses and two partial defenses. Several of these defenses allege that because the plaintiff was present at certain meetings or approved the acts now set forth in the complaint the action must fail.

The first defense pleads that at a meeting of the stockholders of the corporation duly held February 17, 1920, at which plaintiff was personally present and at which were present in person or by proxy a majority of such stockholders, such stockholders, including the plaintiff, duly authorized and consented to the acts complained of in certain paragraphs of the complaint, which acts were done by the defendants subsequent to said authorization and consent and in reliance thereon and that these same parties were present at a subsequent meeting which duly approved, ratified, acquiesced in and confirmed in all respects said sales which are the grounds upon which the action is brought.

The second defense sets forth that the corporate defendant for a valuable consideration sold and conveyed to a person not a party to this action all of its then remaining assets, except those set forth and that the corporate defendant thus wholly divested itself of all its right, title and interest in and to said first, second, third, fourth, fifth, sixth, eighth and part of said seventh alleged causes of action set forth in the complaint.

As a third defense, the defendants allege that with full knowledge of all the acts complained of in paragraphs 1 to 35, inclusive, and 37, and of all the facts connected with or relating to the same, plaintiff duly approved, acquiesced in, ratified and confirmed, in all respects, the said acts and each and every one of them.

The fourth defense sets forth *that plaintiff and all of the other stockholders of the corporation,* with full knowledge of all the acts

complained of in paragraphs 1 to 35, inclusive, and 37 of the complaint, and of all facts connected with or relating to same, or being on notice with respect thereto, duly approved, acquiesced in, ratified and confirmed, in all respects, the said acts. and each and every one of them.

For a fifth defense it is alleged that the plaintiff and all the other stockholders of the corporate defendant, with full knowledge of all the acts complained of in paragraphs 8 to 15, inclusive, and 23, 25 and 27 of the complaint, has delayed bringing this action for a period of more than eight years and eight months with respect to acts described and complained of in paragraphs 8 to 12, inclusive, and 23 and 25 of the complaint; and for a period of more than six years and eight months with respect to the acts described and complained of in paragraphs 13, 14, 15 and 27 of the complaint.

The sixth defense alleges that each and every act described, complained of and alleged in paragraphs 8 to 12, inclusive, and 23 and 25 of the complaint and all the facts connected therewith or relating thereto, have been actually known to the plaintiff since February 15, 1921; that each and every act described, complained of and alleged in paragraphs 13, 14, 15 and 27 of the complaint and all the facts connected therewith have been actually known to the plaintiff since February 20, 1923; that this action was commenced as to the corporate defendant and the defendant Davy on November 9, 1929, and as to the defendant Berry on November 21, 1929, and was not commenced as to any of the defendants within six years from the time when the first, second, third, fourth, fifth and sixth alleged causes of action accrued or within six years from the time when plaintiff had actual knowledge of the facts upon which his alleged right to make the demands alleged in the complaint, and to which this defense relates, depends and upon which his said alleged causes of action depend.

For a seventh and partial defense, it is alleged that on or about the 21st day of February, 1929, for a valuable consideration and by an instrument in writing, stockholders of the corporate defendant who were then the owners and holders of record of 648.38 shares of preferred stock and 850 shares of common stock, to wit, Edith G. Berry and Estelle G. Ryder, released the defendants Berry and Davy from each and every alleged cause of action set forth in the complaint.

The eighth partial defense sets forth that Louis A. Goldberg, at all times mentioned in the complaint, was and now is the owner and holder of record, and on information and belief, the sole owner of the beneficial interest in 110 shares of the preferred stock and 150 shares of the common stock of the corporate defendant; that said Goldberg was, at all times mentioned in the complaint, an

officer and director of Chesgold Holding Corporation; that said Goldberg, with full knowledge of all the facts connected therewith or relating thereto, duly authorized, consented to, approved, ratified and confirmed, and participated in each and every act of the officers and directors of the corporate defendant.

The fourth defense of ratification by all the stockholders of the corporation is sufficient, but was stricken out upon the erroneous ground that it pleaded a conclusion. In *Pollitz* v. *Wabash R. R. Co.* (207 N. Y. 113, 131) the court said: "Ratification is a conclusion of fact and not a conclusion of law. The evidence or the facts establishing a fact entering into a cause of action or a defense need not be pleaded. The defense is, therefore, sufficiently pleaded."

The *Pollitz* case cited with approval *Carter* v. *Pomeroy* (30 Ind. 438), where the court said: "It is claimed that the court erred in overruling the demurrer to the second paragraph of the reply. It is urged that the reply is insufficient, because it does not state the facts of the ratification. Ratification is itself a fact. According to Webster, it is ' The act of giving sanction and validity to something done by another; as, the ratification of a treaty by the Senate of the United States.' The ratification in the instance given is the act itself, and not a conclusion drawn from other acts or circumstances. But the reply contains the further averment of the payment of $500 on the note, with a full knowledge of the facts. There are two rules of pleading to which regard must be had in determining questions of this kind. One is, that facts, and not the evidence, must be pleaded. The other is, that facts and not conclusions of law, must be averred."

Authority in support of the order striking out the first, third and eighth defenses may be found in *Pollitz* v. *Wabash R. R. Co.* (*supra*), especially in the dissenting opinion by Chief Judge CULLEN, on another point, where he said: "The attendant circumstances set forth in the answer might estop the plaintiff from having the sale of the stock set aside, relief which he does not seek, but not from the recovery of damages for the benefit of the corporation, which he does seek. A defense which a party is permitted to plead in his answer must be a defense to the cause of action for which the plaintiff sues, not to a different cause of action, on which he does not sue."

The second defense is to the effect that on January 22, 1929, during the liquidation period, the corporate defendant duly sold and conveyed to a person not a party to this action, all its then remaining assets except those set forth therein; that by reason thereof the choses in action set forth in the complaint were sold.

It would be a novel proposition if, in order to defeat an action for an accounting or fraud, a number of the directors could so

divest the corporation and the minority stockholders of such an action. This is especially true because of the fact that one of the alleged fraudulent acts was such sale of a part of the assets of the corporation. (*Pollitz* v. *Gould*, 202 N. Y. 11, 17.)

The fifth defense is laches. The defense of laches is not available in this equity action brought within the time limited by the Statute of Limitations, by a stockholder suing on behalf of his corporation against offending directors for an accounting of the corporate moneys. (*Coit* v. *Campbell*, 82 N. Y. 509; *Pollitz* v. *Wabash R. R. Co.*, *supra.*)

In Pomeroy Equity Jurisprudence ([4th ed.] vol. 4, § 1442) the doctrine of laches is defined in a quotation taken from *Chase* v. *Chase* (20 R. I. 202), as follows: " Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law, but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right."

The sixth defense is an attempt to set up the six-year Statute of Limitations. Here also the defendants attempt to defeat this claim upon the ground that the plaintiff knew all the facts more than six years prior to the commencement of the action. In a stockholder's action of this kind, knowledge of the facts by one stockholder will not defeat the cause of action which belongs to the corporation. The defense in any event is not sufficient. The ten-year Statute of Limitations applies. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Small* v. *Sullivan*, 218 App. Div. 612; *Mason* v. *Henry*, 152 N. Y. 529.)

The seventh alleged defense sets forth that because some of the stockholders of record, a majority in number, by an instrument in writing released the defendants Berry and Davy, therefore, they are released by the corporation. It does not require any argument to show that although one or more stockholders signed a release, it would not release these defendants, nor bind the corporation.

These defenses, as already pointed out, rely to a great extent upon the acts of the stockholder who is suing in a representative capacity or upon acts of some other stockholder or director whose acts could not bind the corporation.

The law appears to be well settled that while such defenses might estop the plaintiff from bringing an action for his own benefit,

they may not prevent a recovery of damages for the benefit of the corporation.

It follows, therefore, that the order appealed from should be modified by denying the motion to strike out the fourth defense, and, as so modified, affirmed, with ten dollars costs and disbursements to the respondent.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order modified by denying the motion to strike out the fourth defense, and as so modified affirmed, with ten dollars costs and disbursements to the respondent.