Saul S. Streit, J.
Plaintiffs move to dismiss a defense as insufficient in law. The action is brought by five individuals “ as Directors of Williams-McWilliams Industries, Inc.” to compel defendants, other than said corporation, to pay to it moneys which they wasted or lost and to restore to it assets transferred by the defendants to others. The complaint charges that the assets were transferred as the result of a fraudulent conspiracy to obtain corporate assets, at a grossly inadequate price, for the pergonal benefit of defendant Eobinson, who selected, dominated ' and controlled the defendant directors. The action is brought pursuant to sections 60 and 61 of the General Corporation Law.
*775 The defense alleges that the plaintiffs ratified, approved, confirmed and participated in the matters which are the basis of the present complaint and are therefore estopped and barred from maintaining this suit.
The only case which has been found which adjudicated the question whether directors, who ratified, approved and participated in the transactions complained of, are estopped from maintaining an action under sections 60 and 61 is that of Levinson v. Rosoff (N. Y. L. J., Dec. 1, 1937, p. 1927, col. 7), cited by plaintiffs’ counsel. The court held the defense of estoppel insufficient, saying: “ Since the action is not being maintained for the benefit of the plaintiff but rather for the benefit of the corporation of which he is a director, the plaintiff’s assent, either active or passive, cannot serve to condone the wrong, if any, done to the corporation. The defense is insufficient as a matter of law ’ ’. Defendants contend that a derivative action, on behalf of a corporation, brought by a stockholder, will be dismissed if the stockholder is estopped by reason of ratification, approval, participation or other reasons. Assuming, for the moment, that this is the law of this State, it does not necessarily follow that the same principle is applicable to a director’s action. Indeed, one of the cases cited by defendants, as to a derivative action brought by a stockholder, viz.: Robertson v. Schoonmaker (158 Misc. 627) was decided by Mr. Justice STEiNBRiirK, the very Justice who held differently in Levinson v. Rosoff (supra) as to a directors’ action. An action by directors, under sections 60 and 61 is brought by them in fulfillment and performance of their statutory and common-law duty toward the stockholders, for whom they are trustees. The case differs, in this respect, from an action by a stockholder, who is under no duty to his fellow stockholders or to his corporation to institute an action to redress wrongs to the corporation. To bar directors from performing their duty to protect the interests of the corporation and its stockholders, because they may have ratified or acquiesced in wrongs to the corporation, could lead to dire results. In many instances, stockholders would be apt to be ignorant of wrongs committed by their directors and such wrongs would be likely to escape attack by a stockholders’ representative action. Even where one or more stockholders become aware of the wrongs, the impediments to their prosecution of an action imposed by the requirements of section 61-b (the necessity of furnishing security and of being stockholders at the time of the wrongful acts) might serve to prevent action on their part. Often the rights of creditors, whom directors owe a duty to protect (Miller *776 v. Barlow, 78 App. Div. 331; Halpin v. Mutual Brewing Co., 20 App. Div. 583), may be affected if action is not instituted. Suits by directors for wrongs to the corporation and its stockholders should be encouraged, not discouraged. The mere fact that a plaintiff, who sues as director, may have ratified or approved or acquiesced in wrongs to the corporation, in breach of his fiduciary duty, should not be held to bar him from performing his duty by bringing appropriate action, even if the conduct claimed to estop him occurred with knowledge of the facts. A fiduciary should be permitted to repent his breaches of trust and perform his obligations to his cestuis.
Even in the case of stockholders’ suits, it is not at all clear that the law of this State would require dismissal because of the personal estoppel of the stockholder or stockholders who sue on behalf of all the stockholders. In Goldberg v. Berry, (231 App. Div. 165) the Appellate Division, in this department, held that a defense of estoppel on the part of the plaintiff stockholder was not good in an action for the benefit of the corporation. This case has been followed often (see, e.g., Atkinson v. McCabe Hanger Mfg. Co., 55 N. Y. S. 2d 274, 275, 53 N. Y. S. 2d 890). The case of Diamond v. Diamond (307 N. Y. 263) cited by defendants, has no application here. In that case, all the stockholders had participated in the wrongs complained of and, therefore, there was no nonestopped stockholder who could benefit from the action (see Capitol Wine & Spirit Corp. v. Pokrass, 277 App. Div. 184, affd. 302 N. Y. 734). The fact that the court in Ripley v. Colwell (206 Misc. 46) also relied on by defendants, cited Markson v. Markson’s Furniture Stores (267 N. Y. 137, 143); Martin v. Niagara Falls Paper Mfg. Co. (122 N. Y. 165); and Capitol Wine & Spirit Corp. v. Pokrass (supra) tends to indicate that the case before that court also involved a situation where there was no nonestopped stockholder who could benefit from the prosecution of the action. The statement in Holmes v. Crane (191 App. Div. 820, cited by defendants), appears to have been dictum, and must yield to the later holding in Goldberg v. Berry (supra). In Gross v. Price (127 N. Y. S. 2d 729, 736) cited by defendants, the opinion indicates that the court permitted the defense of estoppel only because there was doubt as to whether the action by the stockholder was derivative: “ While the form of plaintiff’s action is that of a derivative suit, there is some doubt whether it is so in fact. Under those circumstances, the court is of the opinion that the defense of estoppel may be pleaded ”.
*777 Nothing in the provisions of section 64 of the General Corporation Law supports the claim of defendants that the plaintiffs are estopped from performing their duties as directors by bringing this action.
The contention that the defense is good because the relief demanded by plaintiffs includes a request for counsel fees is without merit. At most this would justify a partial, not a complete, defense.
The fact that the complaint may be insufficient as to some of the relief sought is immaterial and does not justify denial of the motion on the theory that the complaint is insufficient.
Motion granted.