HERMUSIC, LTD., Plaintiff,

v.

REVERSE PRODUCERS CORP., Allen Klein, Mickie Most and Pete Bennett, Defendants.

No. 65 Civ. 2714.

United States District Court
S. D. New York.

April 15, 1966.

Abeles & Clark, New York City, for plaintiff, John S. Clark, Robert C. Osterberg, New York City, of counsel.

Martin J. Machat, New York City, for defendant Reverse Producers Corp., David I. Barrett, New York City, of counsel.

OPINION

LEVET, District Judge.

Plaintiff, Hermusic, Ltd., moves for summary judgment against defendant Reverse Producers Corp. (hereinafter "Reverse"). The action is for infringement of copyright on five musical compositions. Reverse's answer sets up denials and defenses based on alleged oral licenses and estoppel.

There is no doubt of plaintiff's registration of copyrights on each of the five musical compositions in question. There also seems to be no doubt that defendant Reverse manufactured and sold records containing the musical compositions involved. Nor is there doubt that Reverse forwarded written licenses to plaintiff for execution, which the plaintiff did not sign.

Reverse, however, contends that certain stockholders and directors of the plaintiff, an English corporation, granted Reverse oral licenses for the five musical compositions in question. Reverse claims that questions of fact exist as to these alleged oral licenses or at least as to Hermusic's estoppel to deny them. In reply, the plaintiff asserts that the alleged oral licenses are within the Statute of Frauds and, therefore, unenforceable and that the Statute of Frauds forecloses as well any claim of estoppel with

the result that no genuine issue of material fact exists to preclude summary judgment.

The facts asserted with respect to the alleged oral licenses appear in the affidavit of Allen Klein, president of defendant Reverse, submitted in opposition to the present motion. He states that a singing group, known as "Herman's Hermits," and the group's managers granted Reverse an oral license on behalf of Hermusic. He also states:

> "It was further stated to your deponent * * * that they [Herman's Hermits and the group's managers] owned stock in, or controlled the plaintiff corporation * * *."

Moreover, Klein states that Herman's Hermits and their managers caused the plaintiff Hermusic to be formed.

The record, however, shows that neither the members of Herman's Hermits nor the group's managers had been delegated authority by Hermusic to grant licenses, although the record does show that one member of the group and one of the managers were on Hermusic's five-man board of directors, and that the group's members are stockholders in Frimp, Ltd., which is a stockholder of Hermusic. Now, the mere fact that the members of Herman's Hermits may have been indirect stockholders in Hermusic does not by itself make their acts binding on the corporation. See Shapiro v. Punia, 137 N.Y.S.2d 595 (Sup.Ct. 1954). Nor does the mere fact that one of Herman's Hermits and one of the group's managers were directors of Hermusic give them authority to act individually for the corporation as its agent. McIlrath v. S. Waterbury & Sons Co., 193 App.Div. 491, 184 N.Y.S. 886 (2nd Dept. 1920). English law is no different. See Rama Corp. v. Proven Tin and General Investments Ltd. [1952] 2 Q.B. 147.

However, a corporation may be estopped to deny the agency of one professing to act as its agent when the corporation manifests that such person is its agent. See Restatement, Agency 2d § 8. Here, under defendant's version of the facts, Herman's Hermits and the group's managers only professed to own stock in and control the plaintiff corporation. Such relationships do not give them apparent authority to deal on behalf of the corporation since stockholders, even a majority, or directors as individuals are not agents per se of the corporation. Goldberg v. Berry, 231 App.Div. 165, 247 N.Y.S. 69 (1st Dept. 1930); De Seversky v. Republic Aviation Corp., 2 F.R.D. 183 (E.D.N.Y. 1938). Nor have any acts of the corporation been shown from which a manifestation may be drawn that Herman's Hermits or their managers were agents of Hermusic. Thus, it is apparent that any alleged oral license to defendant Reverse was unauthorized and that Hermusic is not estopped to deny such alleged licenses since no acts of the corporation or its agents are present to establish that Hermusic manifested to Reverse that any formal authorization had been given to Herman's Hermits or the group's managers to act as Hermusic's agents.

The essential facts herein demonstrate:

1. That plaintiff is the proprietor of the copyrights in each of the musical compositions in suit.

2. That each such copyright is valid and subsisting.

3. That defendant Reverse manufactured and sold parts of instruments (phonograph records) serving to reproduce mechanically each of the musical compositions in suit.

4. That each of the musical compositions in suit was used by said defendant in the manufacture of phonograph records without license.

5. That plaintiff, as the proprietor of the copyrights in each of the musical compositions in suit, had not theretofore used or permitted or knowingly acquiesced in the use thereof upon the parts of instruments (phonograph records) serving to reproduce the same mechanically.

Whether or not the alleged oral licenses are within the Statute of Frauds need

not be decided, since the plaintiff Hermusic is not bound by them in any event.

There is no genuine issue of material fact.

There is no just reason for delay for the entry of an interlocutory decree against Reverse. The interlocutory decree will provide for a Special Master to ascertain and compute damages.

Submit interlocutory decree on notice in accordance herewith.