SYRACUSE TELEVISION INC., Plaintiff, *v.* CHANNEL 9, SYRACUSE, INC., et al., Defendants.

Supreme Court, Onondaga County, November 30, 1966.

*Egbert L. Wildman, Jr.,* for plaintiff. *Mackenzie, Smith, Lewis, Michell & Hughes* for T. Frank Dolan, Jr., and others, defendants. *Alderman & Alderman* for Channel 9, Syracuse, Inc., defendant. *A. Solomon Menter* for Floyd Smith, defendant. *Alan J. Goldberg* for Jeff B. Davidson, defendant.

JAMES H. O'CONNOR, J. This is a motion pursuant to CPLR 3212 seeking an order granting summary judgment dismissing the plaintiff's complaint as to the defendants, Channel 9, Syracuse, Inc., T. Frank Dolan, Jr., Asher S. Markson and Edward Eagan.

The action is a stockholder's derivative suit brought by the plaintiff pursuant to sections 626 and 720 of the Business Corporation Law. The plaintiff is both a stockholder and by its representative a director of the defendant, Channel 9, Syracuse, Inc. Concisely stated, the action is brought against the defendants by reason of the alleged negligence, nonfeasance and malfeasance of the defendants, Dolan, Markson and Eagan, resulting in loss and waste to Channel 9, Syracuse, Inc.

A previous motion was made on the part of the defendants to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (subd. [a], par. 7). The said motion was denied and the sufficiency of the complaint was upheld (51 Misc 2d 188).

Subsequent to the rendering of the decision sustaining the complaint a meeting was held of the board of directors of Channel 9, Syracuse, Inc., on October 11, 1966. At the meeting two resolutions were presented to the board of directors for vote. By one resolution, the majority of the stockholders as well as the majority of the board of directors ratified and confirmed the conduct and acts of T. Frank Dolan, Jr., Asher S. Markson and Edward E. Eagan, as directors and officers of Channel 9, Syracuse, Inc. The second resolution refused to authorize the bringing or the continuation of any lawsuit against the said T. Frank Dolan, Jr., Asher S. Markson and Edward E. Eagan for any alleged negligence, nonfeasance or misfeasance in office. Both of these resolutions were carried by a majority of the stockholders and directors.

It is the defendants' contention that the action taken by the board of directors bars the continuation of the instant action and compels the conclusion that summary judgment be granted on the theory that the corporation on whose behalf the action was brought has affirmatively decided to discontinue the action and moreover the grounds for the action have been obviated by the ratification of the acts complained of.

The sole question to be answered by this court is whether or not the majority vote of the board of directors and the stockholders of a corporation to discontinue a stockholder's derivative suit is binding and bars said action.

It is clear that under ordinary circumstances, it lies within the discretion of the directors whether or not a suit shall be instituted on behalf of a corporation. (*Koral* v. *Savory, Inc.,* 276 N. Y. 215; *Sterling Ind.* v. *Ball Bearing Pen Corp.,* 298 N. Y. 483.) In fact, a dissenting director may not even defend an action on behalf of a corporation after permission to do so has been refused by vote of a majority of the board of directors. (*Hertz* v. *Quinn & Kerns,* 21 Misc 2d 227.)

However, the entire purpose of sections 626 and 720 of the Business Corporation Law is to allow a derivative action in the name of the corporation and for its benefit when the board of directors has refused, under certain circumstances, to bring an action. (*Koral* v. *Savory, Inc., supra.*) Certainly there is no merit to any contention that a stockholder's derivative action can be obviated by a majority vote of the board of directors not

to bring the action in the first instance. This is especially true where the corporation is controlled by the alleged wrongdoers. (*Isaac* v. *Marcus*, 258 N. Y. 257; *Koral* v. *Savory, Inc., supra.*)

In the instant case we have a situation where not only the majority of the directors voted to discontinue the derivative action, but also the resolution to discontinue was ratified by a majority of the stockholders. It should be noted in this matter that the directors and stockholders who constituted the majority were in fact the same entities.

It is the plaintiff's claim that a majority of the stockholders of a corporation cannot ratify the negligence, nonfeasance and misfeasance of the directors of a corporation and by that action claim there is no triable issue of fact sufficient to withstand a motion for summary judgment. Plaintiff relies heavily on the case of *Continental Securities Co.* v. *Belmont* (206 N. Y. 7) wherein the court stated in essence that fraudulent or illegal acts cannot be ratified by less than a unanimous vote of the stockholders. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184, 188; *Goldberg* v. *Berry*, 231 App. Div. 165; *Atkinson* v. *McCabe Hanger Mfg. Co.*, 55 N. Y. S. 2d 274; *Williams* v. *Robinson*, 9 Misc 2d 774, 776.)

However, on this motion the court is not presented with any claim in the complaint that the defendants, Dolan, Markson and Eagan, were guilty of any fraudulent or illegal acts.

The instant action is predicated upon mismanagement and waste due to the negligence of these individual defendants. Furthermore, there is no claim that these individual defendants personally benefited by the alleged waste of corporate assets.

In reviewing the challenged activities of the defendants, Dolan, Markson and Eagan, this court comes to the conclusion that, at most, their acts were voidable rather than void, and as such could be ratified by the action of a majority of the stockholders. In *Diston* v. *Loucks* (62 N. Y. S. 2d 138, affd. 264 App. Div. 758, mot. for lv. to app. den. 264 App. Div. 838), it was held that in a derivative action for waste brought against certain directors of a corporation the majority of the stockholders could ratify the actions and conduct of the alleged wrongdoing directors, so long as fraud and collusiveness were not present. This appears to be the situation in the matter before this court. This holding does not automatically entitle the moving defendants to summary judgment as is explained more fully below.

The defendants contend, in substance, that they are entitled to summary judgment on the ground that there is a distinction between the decision of the board of directors, as ratified by a

majority of the stockholders, to discontinue a derivative action and the ratification by the majority of the stockholders of the acts of the defendants upon which the derivative action is brought. In support of this position the defendants cite the case of *Foster* v. *Quintal* (N. Y. L. J., May 26, 1939, p. 2434, col. 5) and the case of *Solomont & Sons Trust* v. *New England Theatres Operating Corp.* (326 Mass. 99). The *Foster* case held in essence that a ratification by a majority of the stockholders of the decision of the majority of the board of directors to discontinue a derivative suit is binding on the corporation and thus the derivative suit should be dismissed. The plaintiff in that action claimed that the stockholders could not ratify an illegal act which is the same contention raised in the instant case. The learned Justice SHIENTAG observed in his decision in the *Foster* case that the ratification of the stockholders concerned itself with the decision of the directors not to sue and did not concern itself with the ratification of illegal acts complained of. It is this court's belief that that part of the decision in the *Foster* case is unsound since it would allow a majority of the stockholders to ratify the directors' decision not to bring a suit in the name of the corporation when under those circumstances a unanimous vote would be required to ratify the underlying transactions which were challenged. Such a holding would be in contravention of *Continental Securities Co.* v. *Belmont (supra)*. (See, also, *Siegman* v. *Electric Vehicle Co.,* 72 N. J. Eq. 403.) In other words, ratification cannot be accomplished indirectly under the guise of a refusal to bring an action. If the acts complained of were void and cannot be ratified except by a unanimous vote of the stockholders, then it is our opinion that the decision of the board of directors not to sue or to discontinue a derivative cause could not be ratified by a majority of the stockholders so as to defeat the derivative cause. Therefore, in light of *Foster* v. *Quintal* and *Continental Securities Co.* v. *Belmont (supra)*, it is seen that the ratification by a majority of the stockholders to discontinue a derivative suit would be binding upon the corporation, if the ratication was done reasonably and in good faith and would not constitute a ratification of a fraudulent or illegal act.

The question still exists however whether the stockholders were acting reasonably and in good faith. The answering affidavit submitted by the plaintiff claims that there never was a full and complete disclosure of all the facts with respect to waste occasioned by the alleged negligence of the defendants, Dolan, Markson and Eagan. This question therefore must be

resolved upon a full trial to determine whether the ratification of the acts challenged was done honestly and in good faith. For this reason, the motion for summary judgment is denied and a trial must be held on the issue of full disclosure and good faith.